EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* IRIS BELTRÁN FARÍA, acusada y apelante.

*Número:* CR-72-64 — — — — *Resuelto:* 11 de noviembre de 1974

*R. N. Ponce de Sánchez-Rivoleda,* abogada de la apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Lady Alfonso de Cumpiano, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

El tráfico ilegal de narcóticos es uno de los males de nuestro tiempo que más preocupa a nuestra sociedad. Es laudable el esfuerzo que realiza la Fuerza Policíaca para conjurar el mal. La Rama Judicial no está ni puede estar ajena a este grave problema y debe aportar su parte al esfuerzo común para resolverlo. A ello debemos comprometer toda nuestra inteligencia. No obstante, en ese afán que a todos concierne no podemos aflojar la protección que debemos a garantías fundamentales que son parte esencialísima del atesorado acervo democrático del Pueblo.

La apelante fue convicta por tribunal de derecho de tres violaciones del Art. 29 de la anterior Ley de Drogas y Narcóticos, 24 L.P.R.A. sec. 974z, y sentenciada a una pena de cinco a siete años de presidio en cada cargo, a cumplirse concurrentemente entre sí. Se le imputó posesión, transportación y venta de heroína. Alega la apelante que el tribunal sentenciador incidió al negarle el derecho de "confrontación con el confidente participante privándole del debido proceso de ley e impidiéndole el preparar una defensa adecuada."

La apelante solicitó mediante moción presentada dos semanas antes de la fecha señalada para la celebración del juicio que se ordenara al fiscal informarle el nombre y dirección del confidente, que calificó de participante, basándose en la declaración jurada que había sido prestada ante el fiscal por el agente Jesús A. Irizarry. El tribunal sentenciador se negó a ello.

El testimonio del agente Irizarry fue al efecto de que el 23 de diciembre de 1969 a eso de las 12:30 de la tarde se encontraba en la calle 13 de Barrio Obrero en compañía del con-

fidente. Este le presentó a la apelante por el nombre de Dilín. Dijo el testigo, según aparece a la pág. 13 de la transcripción:

"Llegamos donde ella, entonces el confidente le dijo que yo era un panita de él y estaba buscando algún material para curarme. Entonces ella, pues dijo que ella tenía un material, una estofa muy buena, refiriéndose a heroína. Yo le dije que me diera dos bolsas. Ella, de una cajita de fósforos marca tres estrellas que tenía, sacó de su interior, de la parte de adentro, dos decks que yo le pedí, dos decks a ella. Le dije que cuánto valían, me dijo que seis dólares. Le pedí dos decks, o bien sea, dos bolsas."

Siguió relatando el agente que pagó seis dólares a la apelante, se despidió de ella y se retiró acompañado del confidente.

Bajo tales circunstancias no puede concluirse que el confidente no participó en la transacción. De hecho, su participación fue la causa eficiente de que se produjera la transacción. Se ganó la confianza de la apelante aludiendo al agente como su "panita," que en la jerga de esta subcultura se utiliza para señalar a un amigo o compañero íntimo. Fue el confidente quien inició el trámite de compraventa cuando le dijo a ella que su "panita" estaba buscando algún material para curarse. La transacción ocurrió de inmediato y en presencia del confidente, quien acompañó al agente al retirarse del lugar.

En *Pueblo* v. *López Rivera*, 91 D.P.R. 693, 698–699 (1965), reconocimos el privilegio del Estado de no divulgar la identidad del informante, pero señalamos, estableciendo determinadas salvaguardas, que dicho privilegio no puede invocarse cuando el informante *toma parte* en la transacción delictiva. Citando a *Roviaro* v. *United States*, 353 U.S. 53 (1957), distinguimos entre el confidente participante y "el mero confidente que suple información a las autoridades pero que no participa en la transacción de la cual surge el delito."

En fecha reciente—18 de enero de este año—revocamos una sentencia por haberse negado al acusado su solicitud de que se citara a un confidente participante. Hicimos énfasis en el derecho de todo acusado a obtener la comparecencia com-

pulsoria de testigos como parte del debido procedimiento de ley. *Pueblo* v. *Acosta Escobar*, 101 D.P.R. 886 (1974). Allí dijimos:

"Descorrido el velo que oculta la identidad del confidente, cumplido ya su oficio, constituye abuso de discreción no acceder a una solicitud oportunamente hecha por el acusado para que se le cite, a menos que existan razones que justifiquen tal negativa. . . ."

El testimonio del agente Irizarry demuestra que podía cumplirse con el requerimiento oportunamente hecho por la acusada sin mayor esfuerzo por parte del ministerio público. Declaró que trabajó con el confidente, un adicto, de uno a dos meses. Lo describió como una persona mayor que él, que tenía bigote. Dijo además que lo conocía por Rey y en cuanto a su apellido expresó: "El apellido, como se llama, yo lo oí en la otra sala, pero no, ahora no me acuerdo." Más adelante, a la pregunta de cómo empezó a trabajar con ese confidente, contestó:

"R. Pues el supervisor mío, el Sr. Israel Laureano de Jesús me lo presenta, me presenta a ese señor. Me dice que voy a trabajar con él, que él me va a enseñar y me va a introducir con los tiradores de droga."

No insinuamos ni mucho menos afirmamos que de este testimonio se desprende que el agente conocía la identidad del confidente. Lo que sí surge de este testimonio es que alguien en la organización de la Policía tenía la información que la apelante solicitó, información a la que en este caso ella tenía derecho. No se imponía ninguna carga desmedida sobre el Estado ordenándole a revelar esa información. *Cf. Pueblo* v. *Tribunal Superior*, 102 D.P.R. 470 (1974) y *Pueblo* v. *Hernández García*, 102 D.P.R. 506 (1974).

La apelante fue diligente al solicitar con suficiente antelación al juicio la información que requirió sobre el confidente; Ante la afirmación del fiscal de que el confidente no participó en la transacción, quizás hubiese estado justificado el tribunal

sentenciador en no acceder a la solicitud de la apelante. La prueba, sin embargo, demostró que el confidente fue algo más que un observador de la transacción y eso debía saberlo el fiscal, o debió investigarlo antes de oponerse, a base de una afirmación errónea, a la moción de la apelante.

La prueba demuestra que se negó a la apelante una información a que ella tenía derecho, basada la denegatoria en la falsa afirmación de que el confidente no participó en la transacción. Así las cosas, el proceso subsiguiente estuvo viciado de nulidad.

*Se revocará la sentencia y se ordenará la celebración de un nuevo juicio.*

El Juez Asociado, Señor Rigau, concurre con el resultado.