EL PUEBLO DE PUERTO RICO, recurrido, *v.* BENITO MORALES RIVERA, acusado-peticionario.

*Número:* CE-86-89 *Resuelto:* 24 de diciembre de 1986

*Félix G. Guardiola Márquez,* de *Sepúlveda & Guardiola,* abogado del peticionario; *Rafael Ortiz Carrión, Procurador General, Félix Fumero Pugliessi, Fiscal Auxiliar,* abogados de El Pueblo.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

El peticionario Benito Morales Rivera fue acusado ante el Tribunal Superior de Puerto Rico, Sala de Humacao, de los delitos de asesinato en primer grado e infracción a los Arts. 6 y 8 de la Ley de Armas de Puerto Rico. Solicitó del referido

foro, al amparo de las disposiciones de la Regla 95 de las de Procedimiento Criminal, se le ordenara al Ministerio Público que le suministrara —respecto al occiso y todos los testigos de cargo— los certificados de antecedentes penales de éstos o la información que requiere la Policía de Puerto Rico como requisito para expedir dichos certificados, información sin la cual la Policía se niega a expedir los mismos. [1] Habiéndose opuesto el Ministerio Fiscal, el tribunal de instancia denegó su petición.

Inconforme, acudió el peticionario ante este Tribunal mediante la radicación del correspondiente recurso de *certiorari.* Mediante resolución de fecha 13 de marzo de 1986 le concedimos término al Procurador General de Puerto Rico para que mostrara causa por la cual este Tribunal no debía expedir el auto solicitado y dictar sentencia en la cual se decrete que:

> . . . el acusado tiene derecho a que el Ministerio Fiscal le provea respecto al occiso y los testigos de cargo *toda aquella información que sea requerida por la Policía de Puerto Rico para poder expedir certificados de antecedentes penales de los ciudadanos,* ello, previa demostración por parte del acusado, a satisfacción del tribunal, de la pertinencia de dichos certificados en el proceso en particular pendiente. (Énfasis suplido.)

El Procurador General ha comparecido. Estando en condiciones de resolver el recurso, procedemos a así hacerlo.

I

La Regla 95 de Procedimiento Criminal —prácticamente la única que reglamenta los procedimientos de "descubrimiento de prueba" en el campo criminal— [2] dispone:

---

[1] Para expedir un certificado de antecedentes penales la Policía de Puerto Rico requiere, entre otros, el nombre completo de la persona, lugar y fecha de nacimiento y número de Seguro Social.

[2] La Regla 94 establece un procedimiento respecto a la toma de deposiciones a testigos que estén "en condiciones de no poder asistir o que se le

## REGLA 95. INSPECCIÓN DE LIBROS, DOCUMENTOS Y OBJETOS POR EL ACUSADO

Previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación, *el tribunal podrá ordenar al fiscal que produzca* para ser inspeccionados, copiados o fotografiados por el acusado o su abogado, *determinados objetos, libros, documentos y papeles que no fueren declaraciones juradas, con excepción de la declaración del propio acusado,* que el Pueblo hubiese obtenido del acusado o de otras personas mediante orden judicial o de otro modo *y que pudieren ser necesarios para la preparación de la defensa del acusado,* independientemente de que El Pueblo se propusiere ofrecerlos en evidencia o de que los mismos fueren admisibles en evidencia. La orden especificará el tiempo, lugar y manera de hacer la inspección, de sacar las copias o tomar las fotografías y podrá prescribir los términos y condiciones que el tribunal estimare justos. (Énfasis suplido.) 34 L.P.R.A. Ap. II, R. 95.

 Como podemos notar, la transcrita regla no contiene disposición específica alguna respecto a la cuestión aquí en controversia. Ahora bien, la Constitución del Estado Libre Asociado de Puerto Rico y la de los Estados Unidos de América garantizan que ninguna persona será privada de su libertad sin el debido procedimiento de ley,[3] y que toda persona acusada de un delito público tendrá derecho a "carearse" con los testigos en su contra y a estar asistido de abogado durante el proceso criminal que se le celebre.[4] Hemos resuelto que el derecho de un acusado a "carearse" con los testigos en su contra y el derecho a tener una efectiva y eficiente asistencia de

---

ha impedido asistir al juicio o a cualquier vista". Por su parte, la Regla 162.1 permite que un imputado de delito, convicto que haya sido, pueda tener acceso a los informes pre-sentencia.

[3] Art. II, Sec. 7 de la Constitución del Estado Libre Asociado de Puerto Rico y la Enmienda V de la Constitución de Estados Unidos de América.

[4] Art. II, Sec. 11 de nuestra Constitución y Enmienda Sexta de la Constitución Federal.

abogado durante la celebración del proceso criminal a que es sometido, están íntimamente relacionados entre sí y, hasta cierto punto, el uno depende del otro, *Pueblo* v. *Moreno González*, 115 D.P.R. 298, 304 (1984), y que la ausencia de un contrainterrogatorio efectivo causa, a su vez, una falta de asistencia legal adecuada, derecho garantizado por el debido proceso de ley. *Pueblo* v. *Gordon*, 113 D.P.R. 106, 108 (1982).

■ Debemos mantener siempre presente que por razón de que "el proceso criminal no es lidia deportiva para determinar el mejor de los gladiadores y que su propósito cardinal es el descubrimiento de la verdad", los tribunales de justicia vienen obligados a "garantizar un procedimiento que conduzca a la *presentación de la evidencia adecuada que sea pertinente a la controversia de hechos,* evitando hasta donde sea posible que la sorpresa y ocultación —resultado inevitable del sistema adversativo— oscurezcan e impidan la búsqueda de la verdad". (Énfasis suplido.) *Pueblo* v. *Tribunal Superior*, 92 D.P.R. 116, 126–127 (1965).

■ Por otro lado, resulta altamente pertinente a la cuestión aquí en controversia las disposiciones de las Reglas 20 y 46 de las Reglas de Evidencia para el Tribunal General de Justicia de 1979. Como sabemos, la primera de ellas permite que se admita, en señaladas situaciones de excepción, evidencia sobre el carácter y hábito de una persona, incluyendo evidencia sobre la comisión de otros delitos. La Regla 46, por su parte, establece que un testigo puede ser impugnado, en determinadas circunstancias, mediante evidencia de una convicción no remota por un delito que envuelva deshonestidad o falso testimonio.

■ En un proceso donde está envuelta la libertad de un ser humano y donde dicha libertad depende de la credibilidad que le pueda merecer al juzgador de los hechos la declaración de uno o de varios testigos, no debe caber duda de que información como la permitida por las citadas Reglas 20 y 46 de

Evidencia resulta sumamente pertinente y material. El que la defensa de un imputado de delito cuente o no con esa información definitivamente tendrá un impacto determinante en la calidad y efectividad del interrogatorio a que sean sometidos esos testigos y, por ende, en si la asistencia de abogado es o no una adecuada. *Pueblo* v. *Gordon,* supra. Es por ello que resulta extremadamente difícil sostener la posición de que una persona que es acusada por el Estado de la supuesta comisión de un delito público no tenga "derecho" a que el Estado le provea la información —que éste precisamente requiere como condición para expedir certificados de antecedentes penales— respecto a los ciudadanos que piensa utilizar como testigos de cargo en su contra.

■ Ahora bien —como correctamente expresa el Procurador General en su comparecencia— el hecho de que los certificados de antecedentes penales de los testigos o víctimas de un delito sean "potencialmente útiles" para el acusado en un caso, no significa ni quiere decir que ese imputado de delito, por la mera posibilidad o expectativa de que pueda surgir de un certificado información provechosa, tenga derecho a un descubrimiento indiscriminado, o en forma de expedición de pesca, relativo a todos y cada uno de los testigos de cargo que aparezcan al dorso de una acusación. La experiencia demuestra que en los casos criminales se incluyen, como testigos de cargo, un gran número de personas relativas a las cuales no es necesario que la defensa posea o no un certificado de antecedentes penales. La concesión indiscriminada de ello constituiría una intrusión indebida en la vida personal de estos testigos sin que ello represente beneficio alguno para el acusado.

■ Los tribunales de instancia —en el ejercicio de su poder inherente de reglamentar los procedimientos que ante ellos se llevan a cabo, *Pueblo* v. *Sánchez Torres,* 102 D.P.R. 499 (1974); *Urrutia* v. *A.A.A.,* 103 D.P.R. 643 (1975); *Me-*

*léndez* v. *Levitt & Sons of P.R.*, 104 D.P.R. 797 (1976) — velarán celosamente por que el derecho que hoy reconocemos no sea utilizado para hostigar innecesariamente a las personas que de la mejor buena fe cumplen con la labor ciudadana de actuar como testigos, ni para dilatar los procedimientos en general, permitiendo el "descubrimiento" aquí concedido, únicamente en aquellas situaciones en que el imputado de delito le demuestre fundadamente que la información requerida resulta ser material, pertinente y necesaria para su adecuada defensa. En los casos en que determine que la defensa tiene derecho al certificado de antecedentes penales podrá dictar, en adición, una orden protectora prohibiendo su divulgación, limitando el uso de la información obtenida al juicio ante su consideración. *Cf. Rodríguez* v. *Scotiabank de P.R.*, 113 D.P.R. 210, 216–217 (1982); *Seattle Times Co.* v. *Rhinehart*, 81 L. Ed.2d 17, 467 U.S. 20 (1984).

## II

En el presente caso la defensa del peticionario no ha tenido la oportunidad de así demostrarlo. Se trata de un caso de asesinato. Es posible que la solicitud sea meritoria. Debe brindársele esa oportunidad. *Procede, en su consecuencia, la expedición del auto y que se dicte sentencia revocatoria de la resolución recurrida, devolviéndose el caso al tribunal de instancia para procedimientos ulteriores compatibles con lo aquí resuelto.*

El Juez Asociado Señor Negrón García emitió opinión disidente a la cual se unen los Jueces Asociados Señores Hernández Denton y Alonso Alonso.

—O—

Opinión disidente del Juez Asociado Señor Negrón García a la cual se unen los Jueces Asociados Señores Hernández Denton y Alonso Alonso.

No podemos suscribir la opinión del Tribunal que impone al Ministerio Fiscal, en cuanto al occiso y todos los testigos de

cargo, la obligación de suministrar la información necesaria para la expedición del certificado de antecedentes penales o dicho certificado.

Primero, dicha conclusión fundamentada en la Regla 95 de Procedimiento Criminal y las Reglas 20 y 46 de Evidencia, está predicada en una premisa errónea, a saber, que esta información la posee el Ministerio Fiscal. Ello no se ha demostrado.

Segundo, conforme la experiencia y trámites establecidos, la Policía de Puerto Rico requiere los siguientes datos para fines de la expedición o no de un certificado de antecedentes penales: nombre, dirección exacta actual, una fotografía 2″ x 2″, fecha y lugar de nacimiento, número de Seguro Social y sello de Rentas Internas por valor de $1.50. Los anteriores requisitos obviamente responden a evitar que en las miles de peticiones al respecto, se incurra en errores.

La norma adoptada por el Tribunal en cuanto al número de Seguro Social, conlleva que el Ministerio Fiscal por imperativo tenga que producir las fotografías, fecha y lugar de nacimiento, lugar de residencia y otros. Así extendida la norma, para todos los efectos prácticos, estamos compeliendo al Ministerio Fiscal a avalar a priori, la buena reputación y credibilidad de las víctimas y demás testigos de cargo. Nos inquietan las implicaciones de esta decisión, en particular sus efectos negativos disuasivos (*chilling efects*) sobre los miles de ciudadanos que en calidad de testigos tienen que comparecer a los tribunales.