Martínez Torres, Juez Ponente
TEXTO COMPLETO DE LA SENTENCIA
Ante nos recurre el Pueblo de Puerto Rico mediante recurso de certiorari para revisar una resolución emitida por la Honorable Leticia Espada Roldán, Juez del Tribunal de Primera Instancia, Sala Superior de Aguadilla, en la que se ordenó a la parte peticionaria descubrir prueba al amparo de la Regla 95 de Procedimiento Criminal. Por las razones que exponemos a continuación, expedimos el auto y modificamos la resolución recurrida. Así modificada, la confirmamos.
*928 I
Como consecuencia de una serie de quejas en relación con unos Agentes de la Policía adscritos a la División de Drogas y Control del Vicio, el Negociado de Investigaciones Especiales comenzó una investigación que culminó con una serie de arrestos el día 5 de mayo de 1995. Entre los arrestados se encontraban los acusados aquí recurridos, José Luis Vélez Collazo, Félix López Badillo y Héctor Conty Marcial.
Así las cosas, el 4 de marzo de 1996 el Ministerio Publico presentó acusaciones contra José Luis Vélez Collazo por los delitos de apropiación ilegal agravada, agresión agravada y omisión en el cumplimiento del deber. Contra Félix López Badillo y Héctor Conty Marcial se presentaron acusaciones separadas por el delito de omisión en el cumplimiento del deber.
El 6 de marzo del mismo año, la defensa de los acusados presentó una moción de descubrimiento de prueba bajo la Regla 95 de Procedimiento Criminal. El Ministerio Público se opuso a parte de la moción por el fundamento de que parte de lo solicitado es alegadamente materia no cubierta por la Regla 95. Añadió, citando a Pueblo v. Rodríguez Sánchez, 109 D.P.R. 243 (1979), que el derecho a descubrir prueba no es un derecho absoluto y que "cuando se solicitan papeles e informes relacionados con la situación de agentes, el acusado no tiene licencia automática para que se le concedan."
Trabada así la controversia, el tribunal de instancia emitió la siguiente resolución:

"RESOLUCION Y ORDEN

Examinado el caso de epígrafe en cuanto a la Moción del acusado al amparo de la Regla 95 de Procedimiento Criminal, a la contestación a dicha Moción y ala Réplica a Contestación, y celebrada una vista al efecto, el Tribunal, a tenor con lo dispuesto en las Reglas 95 y 95 A de Procedimiento Criminal, 34 L.P.R.A. Ap. II, y conforme a la jurisprudencia aplicable, determina lo siguiente:

1. "Suministre el Ministerio Público a la defensa la información solicitada y no objetada.

2. En cuanto a la información solicitada por la defensa y objetada por el Ministerio Público, éste [sic] último deberá poner a la disposición de aquéllos la siguiente información:

"a) Apartado A

1) incisos 1, 2, 3 y 6 (de éste [sic] último sólo cuanto [sic] se pagó)

2) de los incisos 12 y 13, la información sobre el período trabajado.

b) Apartado B, sólo en cuanto a los acusados

1) los incisos 1, 2, 3, 4, 5, ó, 9, 11 12, 13(a)(b), 14, 15, 16, 18, 19, 20, (sólo la primera oración)],] 22 (sólo dirección y telefono [sic] del trabajo)

c) Apartado C, sólo en cuanto a acusados

1) los incisos 1, 2, y 5, 3, 4, 5, 6, 9, 12, 13(a)(b)(c)[,] 14, 15, 18 (sólo la primera oración), 19, 20, 21, 23(A)(B)(C)[,] 23(A), (D),

23 E. (e) sólo la parte relacionarse [sic] con las investigaciones hechas en los casos en que se determinó causa.

23 F. sólo en relación a las investigaciones hechas a los acusados para los cuales se determinó causa.

3. Para todas las preguntas que tienen que ver con confidentes, sólo si fueron participantes. En cuanto a los confidentes no participantes, sólo se deberá informar el número de éstos, la fecha y el 
*929
contenido de la confidencia.

4. El descubrimiento ha de realizarse en la Fiscalía de Aguadillo en o antes del 7 de agosto de 1996[.J

Notifiquese.

Dada en Aguadillo, Puerto Rico, a 28 de junio de 1996.

Leticia Espada Roldan (fdo.) Juez Superior"

Luego de hacer un estudio exhaustivo de los autos determinamos que solamente las siguientes preguntas de la referida moción de descubrimiento de prueba presentada por la defensa son las que están en controversia debido a que fueron objetadas por el Ministerio Público y aún así, el tribunal ordenó que se descubriera lo solicitado:
• I Parte A- Gastos de Investigación 1,2, 3,6,12,13
• II Parte B- En relación con la investigación del Negociado de Investigaciones Especiales: 1, 2, 3, 4, 5, 6,11, 15,18,19; 20, 22.
• III Parte C- Con relación a las querellas recibidas en la División de Drogas de Aguadilla respecto al comportamiento de los agentes imputados o contra cualquier otro agente que trabajara junto a ellos: 1, 2, 3,4,5, 6, (A)(B)(C), 20, 21, 23(C)(D).
En su recurso ante nos, el Procurador General señala que el Tribunal de Primera Instancia incidió al alegadamente extender el alcance de la Regla 95 de Procedimiento Criminal más allá de lo establecido por la ley y la jurisprudencia y permitir a la defensa realizar una expedición de pesca en los archivos del Negociado de Investigaciones Especiales y de la Fiscalía, mediante el descubrimiento de información impertinente e innecesaria.
El 15 de agosto de 1996, en respuesta a una moción del Procurador General, paralizamos el cumplimiento con la resolución recurrida mientras consideramos los méritos del recurso. Del mismo modo, ordenamos a los recurridos expresarse sobre lo planteado por el Procurador General en su recurso de certiorari. Estos comparecieron el 5 de septiembre de 1996.
Sin embargo, al día siguiente, dos de ellos, Félix López Badillo y Héctor Conty Marcial, presentaron ante nos una moción mediante la cual renunciaron al descubrimiento de prueba bajo la Regla 95 y solicitaron que levantáramos nuestra orden de paralización de los procedimientos en instancia. El Procurador General se opuso a dicha solicitud el 19 de septiembre de 1996, por entender que ya que el coacusado-recurrido José Luis Vélez Collazo no ha renunciado al descubrimiento de prueba que el foro de instancia autorizó; sería necesario separar el proceso criminal en su contra del de los demás coacusados-recurridos, en perjuicio de la más eficiente administración de la justicia.
Ante lo señalado por el Procurador General, y dado que estamos en condiciones de resolver con el beneficio de las comparecencias de todas las partes, procedemos a revisar en sus méritos la resolución recurrida. La controversia referente al descubrimiento solicitado por el co-recurrido Vélez Collazo sigue viva ya que contrario a sus compañeros co-acusados-recurridos, éste no ha renunciado a su solicitud para descubrir prueba.
II
Toda persona tiene el derecho a no ser privado de su libertad sin el debido proceso de ley. Por lo tanto, una vez la maquinaria gubernamental enfila su peso sobre un individuo, se activa la protección constitucional.
De forma consustancial con ese derecho constitucional, la Regla 95 de Procedimiento Criminal provee al acusado el derecho a descubrir prueba antes del juicio. Pueblo v. Echevarría Rodríguez, Opinión de 25 de abril de 1991, 91 J.T.S. 43, pág. 8570; Hoyos Gómez v. Tribunal Superior, 90 *930 D.P.R. 201, 204 (1964). Véanse también United States v. Agurs, 427 U.S. 97 (1976); Brady v. Maryland, 373 U.S. 83 (1963). Así se le permite defenderse de manera efectiva y confrontar la prueba en su contra. Pueblo v. Morales Rivera, 118 D.P.R. 155, 159 (1986). No obstante, la propia Regla 95 limita las llamadas "expediciones de pesca" en los archivos del fiscal. Pueblo v. Echevarría Rodríguez, supra; Pueblo v. Rodríguez Sánchez, supra, págs. 246-49 (1979). A esos efectos, la regla establece una categoría de documentos descubridles y otros no sujetos al descubrimiento. Es por eso que la concesión al acusado de una solicitud de descubrimiento de prueba es una función que descansa en la facultad discrecional del tribunal que juzga el caso. En el descargo de esa función deberá el tribunal establecer un justo balance entre los derechos del acusado y los intereses del Estado. Para ello deberá tomar en consideración si los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación y son pertinentes para su defensa; su importancia para la seguridad del Estado o la confidencialidad de la labor investigativa; y la razonabilidad de la petición tomando en cuenta sus propósitos, de manera que no haya innecesarias dilaciones en los procedimientos ni hostigación o molestias indebidas a los funcionarios del Estado. Pueblo v. Tribunal Superior, 102 D.P.R. 470, 479 (1974).
El Tribunal Supremo ha enfatizado el deber del tribunal de evitar el abuso del mecanismo de descubrimiento de prueba:
"A esos mismos efectos, los tribunales velarán celosamente porque el derecho que hoy reconocemos no sea utilizado para hostigar innecesariamente a las personas que de la mejor buena fe cumplen con la labor ciudadana de actuar como testigos, ni para dilatar los procedimientos en general, permitiendo el "descubrimiento" aquí concedido, únicamente en aquellas situaciones en que el imputado de delito le demuestre fundadamente que la información requerida resulte ser material, pertinente y necesaria para su adecuada defensa. " Pueblo v. Morales Rivera, supra, pág. 162.
Apunta el profesor Ernesto Chiesa Aponte que esa demostración de materialidad, pertinencia y necesidad exigida a la defensa debe interpretarse con liberalidad a la luz del derecho penal sustantivo y del derecho probatorio. E.L. Chiesa Aponte, Derecho Procesal Penal de Puerto Rico y Estados Unidos, Ed. Forum, Colombia, Vol. IE, See. 28.2, pág. 331 (1993).
De forma consistente con esa tendencia, el Tribunal Supremo de Puerto Rico reconoció en Pueblo v. Cancel Hernández, 111 D.P.R. 625 (1981), el derecho del acusado a descubrir el nombre y dirección de las personas entrevistadas. Señaló el Tribunal que la Regla 95 ha sido interpretada "de modo amplio, aunque con el debido cuidado de no vulnerar legítimos intereses gubernamentales...", debido a que existe una "tendencia imperante de conceder al acusado las más amplias oportunidades para defenderse'...." Id., pág. 626. Véase también Pueblo v. Tribunal Superior, 80 D.P.R. 702, 704 (1958).
Bajo la misma corriente se ha resuelto que, bajo las circunstancias adecuadas, el Estado está obligado a suplir a la defensa el nombre de los confidentes-participantes de modo que se le garantice al acusado la oportunidad de un juicio justo. Roviaro v. United States, 353 U.S. 53 (1957); Pueblo v. López Rivera, 91 D.P.R. 693 (1965). Nuestro derecho reconoce el privilegio del Estado a no revelar la identidad de sus confidentes (informer's privilege), como parte de su interés en brindarles protección contra riesgos a su vida. Se ha creado una excepción en el caso de los confidentes-participantes (la llamada participant-informer rule). "El confidente participante, como el término indica, es uno que participa, que toma parte en la transacción delictiva. Se diferencia así del mero confidente que suple información a las autoridades pero que no participa en la transacción de la cual surge el delito." Id., pág. 699. Procede divulgar a la defensa la identidad del confidente participante, tras sopesar las circunstancias particulares del caso, "cuando hacerlo sea necesario para garantizarle la oportunidad al acusado de tener un juicio justo.... "Id., pág. 703.
El Estado plantea por primera vez ante nos, en su recurso de certiorari, que parte de la información solicitada por los acusados-recurridos es privilegiada al amparo de las Reglas 31 y 32 de Evidencia. Señala en su escrito que dicha información es oficial y privilegiada y que, por lo tanto, no procede su descubrimiento.
De entrada tenemos que hacer hincapié en que la única objeción al descubrimiento invocada en *931 instancia por el Ministerio Fiscal fue que lo solicitado en la moción de los acusados-recurridos no estaba cubierto por la Regla 95. El Ministerio Fiscal fue que lo solicitado en la moción de Estado no invocó ningún privilegio oficial en instancia. Es ahora en su recurso de certiorari que el Estado plantea por primera vez el privilegio de información oficial no descubrióle. 
Es harto conocida la norma general que impide que un litigante invoque por primera vez ante el tribunal de apelación un asunto que no planteó ante el foro de instancia. Garaje Rubén, Inc. v. Tribunal Superior, 101 D.P.R. 236, 242 (1973); Autoridad Sobre Hogares v. Sagastivelza, 71 D.P.R. 436, 439 (1950). No estamos ante un caso excepcional que justifique apartarse de dicha regla. Cf., Sánchez v. Eastern Air Lines, Inc., 114 D.P.R. 691, 694-95 (1983). Lo lógico habría sido que el Ministerio Fiscal hubiera planteado en instancia la aplicación del privilegio sobre información oficial. Ante la realidad de que no lo hizo, no se justifica aplicar dicho privilegio a este caso.
III
Aclarado el alcance de nuestra intervención en este caso, así como el derecho aplicable, procede determinar si lo solicitado está disponible para ser descubierto bajo la Regla 95 de Procedimiento Criminal y la norma constitucional aplicable. Examinemos las preguntas en controversia:

"Parte A- Gastos de Investigación:

1. Números de caso del Negociado de Investigaciones Especiales.

2. Fondos asignados bajo los dos números que tuvo

3. [¿jCuántos agentes estuvieron asignadojs]?"

Bajo la doctrina de Pueblo v. Rodríguez Sánchez, supra, procede que se descubra lo solicitado. Al ordenar contestar estas preguntas, el Tribunal de Primera Instancia resolvió correctamente.

"6. Se si [sic] utilizó confidentes, ¿cuánto se le pagó y los nombres?"

El ilustrado tribunal de instancia ordenó contestar solamente cuánto se le pagó a cada confidente. Resolvió correctamente. Pueblo v. López Rivera, supra.

"12. Un desglose de las horas trabajadas por todos los agentes que participaron en esta investigación desde el 1988.

13. Con relación al inciso número 12, copia de la hoja de asistencia y libro de entradas y salidas que indica en qué estaba trabajando el agente o los agentes."

Se ordenó correctamente descubrir la información sobre el período trabajado. Pueblo v. Rodríguez Sánchez, supra.

"B- En Relación a la Investigación del Negociado de Investigaciones Especiales, solicitamos lo siguiente:

1. Querellas recibidas en el N.I.E. con relación al comportamiento de los agentes imputados y/o cualquier otro agente que trabajara junto a ellos."

Según lo resuelto en Pueblo v. Tribunal Superior, supra, se ordenó el descubrimiento de lo solicitado en lo referente a los acusados-recurridos, por ser materia pertinente.
"2. Copias del formulario oficial de querellas recibidas.

3. Copias del formulario de asignación de querella."

Ante la liberalidad con que debe interpretarse la Regla 95(a)(4), resolvemos que el tribunal de instancia no abusó de su discreción al ordenar que se descubra lo solicitado.
*932 "4. Nombre y dirección de cualquier confidente que haya sido participante o no con relación a esta querella." Esta información es descubrible bajo Pueblo v. López Rivera, supra, y Pueblo v. Beltrán, 102 D.P.R. 753 (1974). Se ordenó correctamente su divulgación.

"5. Recibo de gastos hechos por cualquier agente de drogas o confidentes en esta investigación.

6. Informes confidenciales de labor realizada por los agentes encubiertos en esta investigación o que realizara trabajos de encubierto."

Se ordenó correctamente descubrir lo solicitado a la luz de lo resuelto en Pueblo v. Rodríguez Sánchez, supra.

"11. Nombre y dirección de todas las personas entrevistadas por la Policía de Puerto Rico durante esta investigación."

Al amparo de la Regla 95(a)(6) es materia suceptible de descubrimiento, por lo que el foro de instancia no abusó de su discreción al ordenar su descubrimiento. Aún así, limitamos el alcance de lo ordenado para que no incluya la divulgación de la identidad y dirección de confidentes no participantes. López Vives v. Policía de P.R., supra; Pueblo v. López Rivera, supra.

"15. Con relación a los agentes o confidentes asignados o participantes asignados a esta investigación, produzca toda la evidencia existente en poder o al alcance del Estado Libre Asociado que pueda ser utilizada para impugnar la credibilidad de cualquier testigo potencial, tales como perjuicios del testigo, pruebas de adicción (dopage) [sic], tratamiento psiquiátrico, promesa de incentivos monetarios, promesas de trato favorable y/o inmunidad."

Lo solicitado en esta pregunta es descubrible al amparo de la Regla 95(b), limitado a agentes y a confidentes participantes, máxime si el Ministerio Público tiene información que pueda demostrar la inocencia de los imputados.

"18. La identidad de cada uno de los informantes y la información necesaria para entrevistar a dichos informantes y toda evidencia que arguiblemente pueda ser utilizada para impugnar la credibilidad de los informantes y/o demostrar prejuicios. Roviano [sic] v. United States, 353 U.S. 53 (1957)."

En relación a los informantes no participantes sólo podrá descubrirse lo solicitado cuando la- ■ defensa haya probado que tal información es indispensable para la defensa del acusado. En cuanto a los informantes participantes procede descubrir su identidad y por ende los informes solicitados, si éstos son relevantes y capaces de ayudar a una determinación justa de la causa.
El tribunal de instancia ordenó el descubrimiento de lo solicitado, pero limitó la información de aquellos confidentes no participantes al número de éstos, la fecha y el contenido de la confidencia, por lo que no variaremos el dictamen recurrido. Adviértase que el Estado no ha alegado que descubrir el contenido de estas confidencias revelaría indirectamente la identidad del confidente no participante. López Vives v. Policía de P.R., supra.

"19. Todo informe de examen físico o mental del acusado que esté en posesión, custodia o control del Ministerio Público o de cualquier agencia del Estado Libre Asociado o de los Estados Unidos de Norteamérica cuya existencia es conocida o puede ser conocida mediunte el ejercicio diligente por parte del Ministerio Público."

Esta información es descubrible bajo la Regla 95(a)(3). Se sostiene el dictamen de la ilustrada sala de instancia.

"20. Todo informe o cualquier examen o análisis científico y/o experimento, incluyendo, pero sin limitarse a análisis químico, toxicológico, comparación de huellas digitales, examen balístico y/o análisis de evidencia física que puedan llevarse a cabo en relación con la investigación de este caso, independientemente que el Ministerio Público pretenda o no utilizar el resultado de dicho análisis. 
*933
Este requerimiento incluye: hojas de trabajo, hojas de cómputos, récords de observación, gráficas, hojas de resultados producidas por cualquiera de los instrumentos usados, notas de procesos de análisis, procedimientos y los objetos, fotografías, huellas o muestras en donde dichos experimentos o análisis fueran efectuados."

Bajo la Regla 95(a)(3) esto es materia descubrible por lo que se ordenó acertadamente su descubrimiento.
"22. El nombre y dirección y número de teléfono de todos los Agentes del Orden Público que han participado de cualquier manera en la investigación de los eventos imputados en las acusaciones contra el acusado [sic]."
Esta solicitud de descubrimiento es muy abarcadora y podría poner en peligro no sólo la vida de personas sino también investigaciones en proceso, por lo que a esta pregunta sí le es aplicable la excepción de secretividad y privilegio reconocido por las reglas y la jurisprudencia. No procede que se descubra más allá de lo permitido en la orden referente a las preguntas 6, 11, 15 y 18 de la Parte B de la moción bajo la Regla 95, discutida arriba.

"C- Con relación a las querellas recibidas en la División de Drogas de Aguadilla con relación al comportamiento de los agentes imputados y/o contra cualquier otro agente que trabajara junto con ellos, suministrar la siguiente información:

1. Formulario oficial de querellas recibidas.

2. Formulario de asignación de querella."

Lo requerido es pertinente y susceptible de descubrimiento, por lo que se ordenó correctamente su divulgación.

"3. Nombre y dirección de cualquier confidente que haya sido participante o no con relación a esta querella." '

Se ordenó entregar lo solicitado solamente en cuanto a los acusados. Modificamos dicho dictamen para limitarlo además a los confidentes participantes. No se divulgará la identidad y dirección de confidentes no participantes. Véase nuestra discusión al respecto, ante.

"4. Recibo de gastos hecho por cualquier agente de drogas o confidentes en esta investigación.

5. Libro de entradas y salidas con relación a los agentes asignados a esta investigación."

Es materia descubrible al amparo de la Regla 95(a)(6) y de lo resuelto en Pueblo v. Rodríguez Sánchez, supra, por lo que se ordenó correctamente que se descubra lo solicitado, solamente en cuanto a los acusados.

"6. Informes confidenciales de labor realizada por los agentes encubiertos en estas [sic] investigación o que realizara trabajos de encubierto."

Según lo resuelto en Pueblo v. Rodríguez Sánchez, supra, ésta es materia sujeta a descubrimiento. Como presumimos que el foro de instancia pasó juicio sobre el alcance de lo solicitado no intervendremos con su dictamen. Sin embargo, dicho foro deberá estar atento a que este descubrimiento no tenga un alcance excesivo ni perjudique investigaciones en progreso o revele la identidad de confidentes no participantes. López Vives v. Policía de P.R., supra. A esos efectos, ordenamos que se realice un examen en cámara de los informes previa su entrega a la defensa. Soto v. Srio. de Justicia, supra.

"13. Toda prueba obtenida en la investigación que pueda favorecer a los acusados.

a) Nombre y dirección de cualquier persona entrevistada que desmintiera con su testimonio las 
*934
alegadas querelláis] presentadas.

b) Informes preparados por los Agentes de la Policía de cualquiera de sus Divisiones que hayan participado en la investigación y cuya conclusión haya sido favorable a los acusados.

c) Evaluaciones realizadas a los agentes acusados durante el período de la investigación."

Es obligación del Ministerio Público entregar dicha información cuando a sus manos llegue prueba exculpatoria del acusado. Por lo tanto, es descubrible. Brady v. Maryland, supra; Pueblo v. Cancel Hernández, supra; Pueblo v. Hernández García, 102 D.P.R. 506 (1974). El tribunal a quo resolvió correctamente, por lo que se sostiene su dictamen.

"15. Con relación a los agentes o confidentes asignados o participantes asignados a esta investigación, produzca toda la evidencia existente en poder o al alcance del Estado Libre Asociado que pueda ser utilizada para impugnar la credibilidad de cualquier testigo potencial, tales como perjuicios del testigo, pruebas de adicción a narcóticos, tratamiento psiquiátrico, promesa de incentivos monetarios, promesas de trato favorable y/o inmunidad."

Como señalamos, en cuanto a la pregunta 15 de la parte (B), ésta es materia descubrible por ser relevante para demostrar la alegada inocencia de los acusados-recurridos.

"19. Todo informe o cualquier examen o análisis científico y/o experimento, incluyendo, pero sin limitarse a análisis químico, toxicológico, comparación de huellas digitales, examen balístico y/o análisis de evidencia física que puedan llevarse a cabo en relación con la investigación de este caso, independientemente que el Ministerio Público pretenda o no utilizar el resultado de dicho análisis. Este requerimiento incluye: hojas de trabajo, hojas de cómputos, récords de observación, gráficas, hojas de resultados producidas por cualquiera de los instrumentos usados, notas de procesos de análisis, procedimientos y los objetos, fotografías, huellas o muestras en donde dichos experimentos o análisis fueran efectuados."

Como señalamos en cuanto a la pregunta 20 de la parte (B) de la moción de los acusados-recurridos, bajo la Regla 95(a)(3) esto es materia capaz de ser descubierta por lo que se ordenó acertadamente su entrega.

"20. Si se han [sic] llevado a cabo comparación de huellas digitales en relación a la investigación de este caso, todas las tarjetas o copias de las huellas del acusado que han sido inspeccionadas, comparadas o de alguna manera utilizadas."

Se ordenó correctamente su descubrimiento bajo la Regla 95(a)(3).

"21. El nombre, dirección y número de teléfono de todos los Agentes del Orden Público que han participado de cualquier manera en la investigación de los eventos imputados en las acusaciones contra el acusado [sic]." El tribunal ordenó descubrir lo solicitado. Modificamos su dictamen. Véase la pregunta 22 de la parte (B), ante. No procede que se descubra más allá de lo permitido en la orden referente a las preguntas 6, 11, 15 y 18 de la Parte B de la moción bajo la Regla 95.

"23. Toda evidencia documental que no fue ofrecida en la vista preliminar....

C) Indique procedencia de cada una de las piezas de la parafernalia.

a) Sifué incautada de algún operativo anterior, indique nombre del acusado y número del caso.

b) Autorización para permanecer con esta parafernalia."

Esto no es materia susceptible de descubrimiento por no estar cubierto por la Regla 95, y no haberse puesto al tribunal de instancia en condiciones de poder determinar su pertinencia. Se releva al Ministerio Público del descubrimiento en cuanto a este requerimiento número 23.

*935
"D) Permiso del Secretario de Justicia y el Tribunal para realizar grabaciones."

Esta es materia pertinente para la defensa por lo que el tribunal ordenó correctamente descubrir lo solicitado.
Además de lo aquí señalado sobre las preguntas específicas objetadas por el Ministerio Público en instancia, debemos hacer varias aclaraciones generales. En primer lugar, en cuanto a aquellas preguntas respecto a las cuales el Ministerio Público informó que lo solicitado no existe, es evidente que no está obligado a entregarlo. Entendemos que a pesar de la fraseología de la resolución recurrida, el tribunal de instancia no pretendió semejante absurdo. No obstante, debemos recordar que el Estado tiene una obligación de informar si lo solicitado se encuentra bajo la posesión o custodia de otra persona o entidad, para que el tribunal ordene a esa otra persona la entrega de lo solicitado. Regla 95(c), supra.
En segundo lugar, dejamos claro que no entraremos a considerar aquellas preguntas mencionadas en el escrito de certiorari que no fueron objetadas en instancia. Sobre ellas no medió un reclamo a tiempo del Ministerio Público. Véase la nota 1, ante.
Por último, modificamos la resolución recurrida que ordena el descubrimiento de prueba para que éste se realice solamente a favor del coacusado-recurrido José Luis Vélez Collazo. Fue este último el único de los recurridos que no renunció a su solicitud bajo la Regla 95 de Procedimiento Criminal. Se deja sin efecto la orden de descubrir prueba a favor de los coacusados-recurridos Félix López Badillo y Héctor Conty Marcial.
Por lo demás, salvo las modificaciones arriba ordenadas, no intervendremos con la sana discreción del Tribunal de Primera Instancia. Pueblo v. Dones Arroyo, 106 D.P.R. 303, 314 (1977); Pueblo v. Tribunal Superior, supra.

IV

Por todo lo antes indicado, se expide el auto de certiorari y se modifica la resolución y orden recurrida en los términos expresados en la parte III de esta Sentencia. Así modificado, se confirma el dictamen del Tribunal de Primera Instancia y se devuelve el caso a ese foro para la continuación de los procedimientos de forma compatible con lo aquí resuelto.
Lo acordó y ordena el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General
ESCOLIOS 97 DTA 33
1. Analizado el expediente encontramos que hubo por un lado, preguntas no objetadas, y por otro, preguntas objetadas que el tribunal relevo de contestar. Ninguna de ellas puede ser ahora objeto de revisión por este Tribunal. Las primeras no fueron objetadas en instancia; las segundas no fueron traídas a nuestra atención por los acusados, quienes no recurrieron de la determinación del tribunal de instancia que declaró con lugar las objeciones del Ministerio Público.
2. Const. P.R., Art. II, Sec. 11. La misma garantía de la Constitución Federal aplica a Puerto Rico, aunque no se ha resuelto si aplica a través de la Enmienda V o de la Enmienda XIV. Examining Board v. Flores de Otero, 426 U.S. 572, 599-601 (1976).
3. Dispone:

"REGLA 95. DESCUBRIMIENTO DE PRUEBA DEL MINISTERIO FISCAL EN FAVOR DEL ACUSADO

(a) Previa moción del acusado sometida en cualquier momento después de haberse presentado la acusación o denuncia, y dentro del término prescrito para someterla, el tribunal ordenará al Ministerio Fiscal que permita 
*936
ál acusado inspeccionar, copiar o fotocopiar el siguiente material o información que esté en posesión, custodia o control del Ministerio Fiscal:

"(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.

(2)Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de éstos.

(3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.

(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.

(5) El récord de convicciones criminales previas del acusado.

(6) Cualquier informe preparado por agentes de la policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado. El descubrimiento de esta prueba estará sujeto a las siguientes condiciones:

(A)Que los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación;

(B) Que no afecte la seguridad del Estado ni las labores investigativas de sus agentes policíacos; y

(C) Que la correspondiente moción del acusado sea presentada con suficiente antelación a la fecha señalada para la celebración del juicio, de manera que no haya innecesarias dilaciones en los procedimientos ni se produzcan molestias indebidas a los funcionarios del Estado.

(b)El Ministerio Fiscal revelará toda aquella evidencia exculpatoria del acusado que tenga en su poder.

(c) El Ministerio Fiscal deberá informar al tribunal si el material o la información solicitada no se encuentra en su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, que la ponga a la disposición del acusado.

(d) No estarán sujetos a descubrimiento o inspección de la defensa los escritos de investigación legal, informes, memorandos, correspondencia u otros documentos internos que contengan opiniones, teorías o conclusiones del Ministerio Fiscal."

4. Por otro lado, la Regla 95A provee para el descubrimiento de prueba del acusado a favor del Ministerio Público.
5. En López Rivera, supra, págs. 697-98, el Tribunal Supremo de Puerto Rico citó unas palabras que virtió el Juez Clark hace cuarenta años en su opinión disidente en Roviaro, supra, que son apropiadas ante la situación imperante en nuestra sociedad de hoy:

"Debe tenerse a bien recordar que el tráfico ilegal de drogas narcóticas plantea un serio problema social. Solo [sic] necesitamos revisar los periódicos para apreciar su magnitud. Ningún delito lleva más directamente a la comisión de otras ofensas. Más aún, es un delito muy difícil de descubrir y probar. Debido a que las drogas vienen en pequeñas píldoras o en polvo y son fácilmente empacadas en cápsulas o envases vidriosos pueden ser fácilmente ocultadas. Pueden ser transportadas sobre la persona o aun en las cavidades del cuerpo donde su 
*937
descubrimiento es casi imposible. El hacer valer las leyes al respecto resulta, por consiguiente, muy difícil sin el uso de confidentes. Su uso por mucho tiempo ha tenido la aprobación de los tribunales. Para protegerlos, los gobiernos siempre han seguido la política de no revelar su identidad. La experiencia enseña, que una vez esta política se relaja su efectividad se destruye. Una vez el confidente es conocido, los traficantes en drogas se vengan de inmediato. Los muertos no hablan."

6. Las Reglas 31 y 32 de Evidencia establecen lo siguiente:

"Regla 31. Privilegio sobre Información Oficial

(A) Según usada en esta regla, 'información oficial' significa información adquirida en confidencia por un funcionario o empleado público en el desempeño de su deber y que no ha sido oficialmente revelada ni está accesible al público hasta el momento en que se invoca el privilegio.

(B) Un testigo tiene el privilegio de no divulgar una materia por razón de que constituye información oficial, y no se admitirá evidencia sobre la misma si el tribunal concluye que la materia es información oficial y su divulgación está prohibida por ley, o que divulgar la información en la acción sería perjudicial a los intereses del gobierno del cual el testigo es funcionario o empleado.

Regla 32. Privilegio en cuanto a Identidad de Informante

Una entidad pública tiene el privilegio de no revelar la identidad de una persona que ha suministrado información tendente a descubrir la violación de una ley del Estado Libre Asociado de Puerto Rico o de los Estados Unidos de América, si la información es dada en confidencia por el informante a un funcionario del orden público, a un representante de la agencia encargada de la administración o ejecución de la ley que se alega fue violada o a cualquier persona con el propósito de que la transmitiera a tal funcionario o representante. Evidencia sobre dicha identidad no será admisible a menos que el tribunal determine que la identidad de la persona que dio la información ya ha sido divulgada en alguna otra forma, o que la información sobre su identidad es esencial para una justa decisión de la controversia, particularmente cuando es esencial a la defensa del acusado."

7. En Puerto Rico se ha reconocido jurisprudencialmente que como corolario del derecho a la libre expresión, el pueblo tiene un derecho constitucional a estar informado y que tal derecho está en un alto sitial. Soto v. Srio. de Justicia, 112 D.P.R. 477, 485-96 (1982); Dávila v. Superintendente de Elecciones, 82 D.P.R. 264, 279 (1960).
Aunque se ha reconocido que el Estado puede restringir el derecho de acceso de los ciudadanos a los expedientes investigativos del gobierno, no se puede impedir absolutamente dicho acceso con sólo invocar el hecho de que se trata de un expediente policial. Soto v. Srio. de Justicia, supra, págs. 494-95.
Por otro lado, se han reconocido ciertas excepciones donde sí podría prosperar un reclamo de información oficial y privilegiada capaz de ser excluida del escrutinio público, a saber, cuando: (1) una ley así lo declara; (2) la comunicación está protegida por alguno de los privilegios evidenciarios que puedan invocar los ciudadanos; (3) revelar la información puede lesionar los derechos fundamentales de terceros; (4) se trata de la identidad de un confidente (Regla 32 de Evidencia) y (5) se refiere a información oficial conforme a la Regla 31 de Evidencia. Un reclamo de confidencialidad del gobierno debe resolverse conforme con la Regla 31, supra. Santiago v. Bobb y El Mundo, Inc., 117 D.P.R. 153,159 (1986).
Se requiere que el tribunal haga un balance de los intereses involucrados. Por un lado está el interés del Estado de velar por la seguridad pública, hacer cumplir las leyes y castigar a sus violadores y por el otro está el derecho reconocido constitucionalmente a que a todo acusado se le garantice un debido proceso de ley y un juicio justo en momentos en que su libertad está en juego.
Como se trata de una excepción al fin de nuestro ordenamiento legal de que se descubra la verdad, todo reclamo de confidencialidad del Estado —al igual que todo privilegio— debe ser interpretado restrictivamente. *938 Regla 35 de Evidencia; Noriega Rodríguez v. Hernández Colón II, Opinión de 30 de junio de 1992, 92 J.T.S. 85, pág. 9647; López Vives v. Policía de P.R., 118 D.P.R. 219, 233, n. 10 (1987); Santiago v. Bobb y El Mundo, Inc., supra, pág. 162, n. 4. Véase también Pueblo v. Rodríguez Sánchez, supra.
Bajo ese enfoque se ha reconocido el derecho de un acusado a obtener el nombre y dirección de los confidentes no participantes. Regla 32 de Evidencia; Pueblo v. López Rivera, supra. Sólo se protege el nombre y dirección del confidente participante, "pero no la información por éste ofrecida. Esta hay que divulgarla salvo que a través de la misma se identifique la fuente." López Vives v. Policía de P.R., supra, pág. 234.
8. Incluso pudo haber ordenado la divulgación del nombre del confidente si era un participante, pero no lo hizo. Pueblo v. López Rivera, supra.
9. Véanse las contestaciones a las preguntas 12,13(a)(b), 14 y 16 de la parte (B), y 9,12, 14 y 18 de la parte (C) de la moción bajo la Regla 95.