ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>AARON VICK<br>JUAN MALDONADO DE JESÚS<br><br>Recurridos | KLCE202400194 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de San Juan<br><br>Caso Núm.<br>K VP2021-2767<br>y otros<br>K VP2022-1281-1287<br><br>Sobre:<br>Arts. Tentativa 202, 217, 254 y 212 CP |

Panel integrado por su presidente, el Juez Bermúdez Torres, la Jueza Grana Martínez y el Juez Adames Soto

**SENTENCIA**

En San Juan, Puerto Rico, a 28 de junio de 2024.

I.

El 4 de noviembre de 2021, el Ministerio Público presentó cargos contra los señores Aaron W. Vick y Juan Maldonado De Jesús por violación a los artículos 202, 211, 212, 217 y 254 del Código Penal de Puerto Rico, Ley Núm. 146-2012, en grado de tentativa. El 8 de junio de 2022 la representación legal del señor Maldonado De Jesús envió una carta a los Fiscales Especiales Independientes (FEI) solicitando la entrega de prueba exculpatoria. El 24 de junio de 2022, mediante otra misiva, la representación legal del señor Vick se unió a la petición.

El 28 de junio de 2022, el FEI propuso al Tribunal de Primera Instancia que examinara en cámara el *Informe de Investigación Preliminar* (Informe) rendido por el Departamento de Justicia (DJ). El 11 de agosto de 2022, luego de así acordarlo las partes, y con la anuencia del Tribunal, se entregó en corte abierta el aludido *Informe* en un sobre sellado para su examen.

**Así las cosas, el 29 de agosto de 2022, el Tribunal de Primera Instancia concluyó que el *Informe* debía ser entregado a la Defensa por**

Número Identificador

SEN2024_____

**contener información exculpatoria. El foro a *quo* notificó su decisión en corte abierta y ordenó la entrega del *Informe* a los imputados. El 31 de agosto de 2022 el Ministerio Público solicitó reconsideración. El 1 de septiembre de 2022, el Tribunal notificó a las partes la *Resolución* del 31 de agosto de 2022, consignando por escrito su *Orden* de entregar el *Informe* anunciado el 29 de agosto de 2022.** En la misma fecha emitió otra *Resolución* ordenando la desestimación de todos los cargos presentados por entender que el Panel del Fiscal Independiente (PFEI) no tenía jurisdicción sobre los imputados.

**El 6 de septiembre de 2022, el Tribunal de Primera Instancia emitió *Resolución* en la cual declaró "académica" la *Moción de Reconsideración* presentada por el Ministerio Público respecto a la orden de entregar el *Informe*.** Llegada la controversia ante nos, cuestionando tanto la desestimación de los cargos por falta de jurisdicción del PFEI, así como la *Orden* de entrega de *Informe*, confirmamos el dictamen desestimatorio del Tribunal de Primera Instancia. **Consecuentemente, estimamos innecesario atender el error atinente a la corrección de la *Orden* de la entrega del *Informe* por contener alegada prueba exculpatoria.**

Posteriormente, el Tribunal Supremo de Puerto Rico subvirtió nuestra decisión tras concluir que la oficina del Panel del Fiscal Especial Independiente (PFEI) sí tenía jurisdicción sobre los imputados. **Devuelto el caso al Foro de origen, el 2 de febrero de 2024 los imputados solicitaron nuevamente la entrega del *Informe*.** Alegaron que, la determinación emitida el 29 de agosto de 2022 ordenando la entrega del *Informe* constituía la "ley del caso". El Estado se opuso expresando que no aplicaba la doctrina de la ley del caso, pues el caso había sido totalmente desestimado tras expedirse la *Orden*. Añadió que, en la *Resolución* resolviendo la *Moción de la Reconsideración* presentada por el Estado el 31 de agosto de 2022, el Foro primario había decretado académica la controversia.

**Escuchadas las partes, el Foro *a quo* ordenó al Estado a entregar el *Informe* en el periodo de cinco (5) días, vencedero el 7 de febrero de**

**2024.** Ese mismo día, el Estado presentó una *Moción de Reconsideración.* Sin contar con la *Resolución o Minuta* de la vista recogiendo por escrito la recurrida *Orden,* y ni tan siquiera haberse resuelto la *Moción de Reconsideración* incoada por el Foro primario, el 6 de febrero de 2024, el Estado recurrió ante nos mediante *Petición de Certiorari*[1] acompañada de una *Moción Urgente en Auxilio de Jurisdicción.* No obstante, desestimamos el recurso por falta de jurisdicción al entender que el mismo era prematuro.

Luego de varias instancias procesales, el 12 de febrero de 2024, el Foro primario ordenó al FEI a entregar el *Informe* emitido por el DJ en un periodo de tres (3) días, so pena de desacato. Insatisfecho, el 15 de febrero de 2024, el FEI recurrió ante nos mediante *Certiorari.* Plantean:

> **PRIMER ERROR:**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA DE SAN JUAN AL EMITIR UNA ORDEN PARA ENTREGAR EL INFORME DE INVESTIGACI[Ó]N PRELIMINAR PREPARADO POR EL DEPARTAMENTO DE JUSTICIA DE PUERTO RICO, SIN PERMITIRLE AL MINISTERIO P[Ú]BLICO LA OPORTUNIDAD DE AGOTAR LOS REMEDIOS LEGALES DISPONIBLES.**
>
> **SEGUNDO ERROR:**
>
> **ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA DE SAN JUAN AL ORDENAR LA ENTREGA POR PARTE DEL MINISTERIO PÚBLICO DE LA TOTALIDAD DEL INFORME DE INVESTIGACI[Ó]N PRELIMINAR EMITIDO POR EL DEPARTAMENTO DE JUSTICIA DE PUERTO RICO, ADUCIENDO QUE EL MISMO CONTIENE PRUEBA EXCULPATORIA.**

Ese mismo día, mediante *Moción Urgente en Auxilio de Jurisdicción,* el FEI nos solicitó, con éxito, la paralización de la ejecución de la *Orden* emitida por el Tribunal de Primera Instancia respecto a la entrega del *Informe* hasta que dispusiéramos del recurso presentado. El 23 de febrero de 2024, dimos plazo de veinte (20) días a los señores Maldonado de Jesús y Vick para que se expresaran sobre el recurso incoado.

---

[1] En sus señalamientos de errores planteó:
> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA DE SAN JUAN AL DETERMINAR QUE EL INFORME DE INVESTIGACIÓN PRELIMINAR CONTIENE PRUEBA EXCULPATORIA Y ORDENAR SU ENTREGA A LOS IMPUTADOS DE EPÍGRAFE SIN ESPECIFICAR A QUE PARTE O DOCUMENTACIÓN DEL INFORME SE REFIERE.

El 12 de marzo de 2024, el señor Maldonado De Jesús presentó ante nos un *Memorando en Oposición a Expedición de Auto de Certiorari y en Solicitud de Desestimación.* Por su parte, el 14 de marzo de 2024, el señor Vick presentó una *Oposición a la Expedición de Certiorari y Solicitud de Desestimación.* Con el beneficio de la comparecencia de las partes, el Derecho y la jurisprudencia aplicable, procedemos a resolver.

II.

Como primer señalamiento de error, el FEI sostiene que, el Foro primario erró al ordenar la entrega del *Informe* preparado por el DJ, sin permitirle al Ministerio Público la oportunidad de agotar los remedios legales disponibles. Argumenta que, tras el caso ser desestimado por falta de jurisdicción, ello provocó que la petición de reconsideración relacionada al contenido de la Investigación Preliminar del Departamento de Justicia y su posible contenido de prueba exculpatoria, fuese declarada académica sin ser resuelta ni considerada. Por lo tanto, arguye que erró el foro primario al resolver que las reconsideraciones presentadas en el año 2024 se encontraban fuera de término. Le asiste la razón. Veamos por qué.

A finales de agosto de 2022 surgió la controversia sobre la entrega a la Defensa de un *Informe* del DJ por alegadamente contener prueba exculpatoria. Inicialmente el Tribunal de Primera Instancia resolvió que la Oficina del PFEI carecía de jurisdicción sobre los imputados y desestimó los cargos. **Al hacerlo, decretó académica la controversia sobre la entrega del *Informe.*** De dicho dictamen el FEI acudió a ambos foros apelativos, logrando que se revertiera el dictamen adverso sobre su jurisdicción para procesar a los imputados. A pesar de que, como parte de su recurso ante este foro intermedio de apelaciones, el FEI cuestionó oportunamente la corrección de la *Orden* de entrega del susodicho *Informe*, la controversia nunca fue atendida en sus méritos. Ello, debido a que las razones utilizadas por los tribunales revisores para revertir el dictamen del Tribunal de Primera Instancia y de esta Curia, respectivamente, trató sobre la jurisdicción de la Oficina del PFEI para procesar criminalmente a los imputados. La controversia jurisdiccional,

naturalmente, mantuvo irresoluta la controversia sobre la corrección de la aludida *Orden*. Nunca fue atendida por este Foro intermedio ni por el tribunal de última instancia.

Devuelto el caso tras resolverse que la Oficina del PFEI ostentaba jurisdicción sobre los imputados, el Tribunal de Primera Instancia mantuvo su *Orden* de entrega del *Informe* en controversia en cinco (5) días. Intimó, erróneamente, que la controversia se había tornado académica. A pesar de que el FEI no contaba con la *Resolución o Minuta* de la vista recogiendo por escrito la recurrida *Orden*, y ni tan siquiera haberse resuelto por el Tribunal de Primera Instancia la *Moción de Reconsideración* incoada, el 6 de febrero de 2024 el Estado recurrió ante nos mediante *Petición de Certiorari*. Ante ello, nos vimos obligados a desestimar el recurso por falta de jurisdicción por prematuro. Continuados los procedimientos, el 12 de febrero de 2024, el Foro primario ordenó al FEI a entregar el *Informe* en tres (3) días, so pena de desacato. Es de dicha actuación judicial, que oportunamente recurrió el FEI ante nos mediante el presente recurso.

Carece de méritos el argumento de la Defensa en cuanto a que el Ministerio Público renunció a su derecho a solicitar reconsideración sobre la *Orden* del foro primario de entregar el *Informe* al omitir plantearlo en su recurso ante el Tribunal Supremo. En primer lugar, el FEI siempre acudió oportunamente para cuestionar la *Orden* y su reclamo nunca fue atendido por ninguno de los foros apelativos. Nunca dispusimos de la controversia específica de la entrega del *Informe*, por lo que es una controversia irresuelta y a la que, por consiguiente, no le aplica la doctrina de la ley del caso.

Superado el aspecto de umbral atinente a nuestra autoridad para intervenir, procede entonces atender el segundo señalamiento de error esbozado por el FEI.

III.

El FEI sostiene que el Foro recurrido erró al ordenar la **entrega a la Defensa de la totalidad del *Informe*** emitido por el DJ, aduciendo que el mismo contiene prueba exculpatoria. También tiene razón. Veamos por qué.

Ciertamente, la Sección 11 del Art. II de la Constitución del Estado Libre Asociado de Puerto Rico,[2] garantiza a todo acusado el derecho a preparar una defensa adecuada y obtener prueba a su favor.[3] Todo imputado de delito tiene derecho a informarse debidamente en la preparación para su defensa, así como a obtener, mediante el descubrimiento de prueba, evidencia que pueda favorecerle.[4] De conformidad, el Ministerio Público tiene la obligación de poner a disposición de la defensa la prueba documental y demostrativa si está presente cualquiera de las siguientes condiciones: (1) la prueba es pertinente para preparar la defensa del acusado; (2) el fiscal se propone utilizar la prueba en el juicio; o (3) la prueba fue obtenida del acusado o le pertenece.[5]

La determinación inicial acerca de la procedencia de una petición de descubrimiento de prueba, y por ende de su relevancia para la adecuada defensa del acusado, descansa en la sana discreción del tribunal de primera instancia.[6] Debe siempre gravitar en todo este trámite, que "el objetivo de todo proceso judicial es la búsqueda de la verdad",[7] pues únicamente "se hace justicia cuando se conoce toda la verdad".[8]

Ahora bien, el derecho al descubrimiento de prueba no es absoluto ni irrestricto.[9] Está regulado y limitado por la Regla 95 de Procedimiento Criminal,[10] que constituye una "barrera estatutaria contra las llamadas 'expediciones de pesca' en los archivos de fiscalía".[11] Por su pertinencia, citamos la Regla 95, *supra, in extenso:*

> Regla 95. Descubrimiento de prueba del ministerio fiscal en favor del acusado.

---

[2] Art. II, Sec. 11, Const. ELA, LPRA. Tomo 1.

[3] *Pueblo* v. *Arocho Soto*, 137 DPR 762 (1994).

[4] Véase *Pueblo* v. *Arzuaga*, 160 DPR 520, 530 (2003); *Arocho Soto* v. DPR 762, a la pág. 766; *Pueblo* v. *Rodríguez Sánchez*, 109 DPR 243, 246 (1979); *Hoyos Gómez* v. *Tribunal Superior*, 90 DPR 201, 204 (1964).

[5] *Pueblo* v. *Santa-Cruz Bacardí,* 149 DPR 223, 234 (1999) a la pág. 232.

[6] *Santa-Cruz Bacardí* v. DPR 223, a la pág. 233; *Pueblo* v. *Dones Arroyo*, 106 DPR 303, 314 (1977).

[7] *Pueblo* v. *Vega*, 148 DPR 980, 991 (1999).

[8] *Pueblo* v. *Ribas*, 83 DPR 386, 389 (1961).

[9] *Pueblo* v. *Custodio Colón*, 192 DPR 567 (2015) a la pág. 586; *Arzuaga* v. DPR 520, a la pág. 531; *Arocho Soto* v. DPR 762, a la pág. 767.

[10] 34 LPRA Ap. II., R. 95.

[11] *Arzuaga* v. DPR 520, a la pág. 534; *Soc. Asistencia Legal* v. *Instituto de Ciencias Forenses*, 179 DPR 849, 857 (2010).

(a) Previa moción del acusado sometida en un término jurisdiccional de veinte (20) días después de haberse presentado la acusación o denuncia, el tribunal ordenará al Ministerio Fiscal o a cualquier agencia o instrumentalidad pública que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal o a cualquier agencia o instrumentalidad pública:

(1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.

(2) Cualquier declaración jurada de los testigos de cargo que hayan declarado en la vista para determinación de causa probable para el arresto o citación, en la vista preliminar, en el juicio o que fueron renunciados por el Ministerio Fiscal y los récords de convicciones criminales previas de estos.

(3) Cualquier resultado o informe de exámenes físicos o mentales y de experimentos o pruebas científicas que sea relevante para preparar adecuadamente la defensa del acusado o que vaya a ser utilizado en el juicio por el Ministerio Fiscal.

(4) Cualquier libro, papel, documento, fotografía, objeto tangible, estructura o lugar que sea relevante para preparar adecuadamente la defensa del acusado, que el Ministerio Fiscal se propone utilizar en el juicio o que fue obtenido del acusado o perteneciera al acusado.

(5) El récord de convicciones criminales previas del acusado.

(6) Cualquier informe preparado por agentes de la Policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado. El descubrimiento de esta prueba estará sujeto a las siguientes condiciones:

(A) Que los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación;

(B) que no afecte la seguridad del Estado ni las labores investigativas de sus agentes policíacos; y

(C) que la correspondiente moción del acusado sea presentada con suficiente antelación a la fecha señalada para la celebración del juicio, de manera que no haya innecesarias dilaciones en los procedimientos ni se produzcan molestias indebidas a los funcionarios del Estado.

(b) El Ministerio Fiscal revelará toda aquella evidencia exculpatoria del acusado que tenga en su poder.

(c) La defensa deberá incluir, junto con la solicitud de Descubrimiento de Prueba, las órdenes necesarias para solicitar el material o la información que prevé que el Ministerio Público no tendrá bajo su custodia, dirigidas a las personas o entidades que la poseen, custodian o controlan. El Ministerio Público deberá entregar la información y/o material solicitado que tenga bajo su custodia o control e informar al tribunal si existe algún material o información que le fue solicitada, pero que no se encuentra bajo su posesión, custodia o control, en cuyo caso el tribunal ordenará a la persona o entidad que la posea, custodie o controle, que la ponga a la disposición del acusado.

(d) No estarán sujetos a descubrimiento o inspección de la defensa los escritos de investigación legal, informes, memorandos, correspondencia u otros documentos internos que contengan opiniones, teorías o conclusiones del Ministerio Fiscal.

(e) Toda información y/o material que se pretenda solicitar y no esté enumerado en esta regla, deberá venir acompañado de una explicación sobre la necesidad o pertinencia que tiene el mismo para la defensa del acusado.[12]

"[E]l descubrimiento de prueba que rebasa el texto de la citada Regla 95 y busca apoyo en el debido proceso de ley no es recurso a invocarse livianamente".[13] Los acusados no tienen derecho a una expedición de pesca en los expedientes y archivos de fiscalía.[14] Corresponde al tribunal "establecer un justo balance entre los derechos del acusado y los intereses del Estado".[15]

En estrecha relación con lo anterior, al aprobarse la Constitución de Puerto Rico no se pretendió conceder a los acusados el derecho ilimitado de revisar los archivos del Ministerio Público, ni el de exigir la entrega de todo material que pueda estar relacionado con el caso penal entablado en su contra.[16] Claro está, un reclamo de confidencialidad por parte del Estado prosperará si: (1) una ley así lo declara; (2) la comunicación está protegida por alguno de los privilegios evidenciarios; (3) revelar la información puede lesionar derechos fundamentales de terceros; (4) se trata de la identidad de un confidente, Regla 32 de Evidencia;[17] o (5) es información oficial conforme la Regla 31 de Evidencia.[18] El estándar para conceder cualquier pedido de confidencialidad se cumple probando, precisa e inequívocamente, no con meras generalizaciones, la aplicabilidad de cualquiera de las situaciones bajo las cuales procede su reclamo de confidencialidad.[19] En ese ejercicio discrecional, el tribunal debe:

> [E]stablecer un justo balance entre los derechos del acusado y los intereses del Estado. Para ello deberá tomar en consideración si los objetos, libros, documentos y papeles que el acusado interesa examinar se relacionan o describen con suficiente especificación y son pertinentes para su defensa; su importancia para la seguridad del Estado o la confidencialidad de la labor investigativa; y la razonabilidad de la petición tomando en cuenta sus propósitos, de manera que no haya innecesarias dilaciones

---

[12] 34 LPRA Ap. II., R. 95.

[13] *Rodríguez Sánchez* v. DPR 243, a la pág. 246.

[14] Véase *Pueblo* v. *Echevarría Rodríguez I,* 128 DPR 299, 324 (1991); *Pueblo* v. *Romero Rodríguez,* 112 DPR 437, 440 (1982); *Rodríguez Sánchez* v. DPR 243, a la pág. 244.

[15] *Pueblo* v. *Tribunal Superior,* 102 DPR 470, 479 (1974).

[16] *Pueblo* v. *Olmeda Zayas,* 176 DPR 7 (2009).

[17] Corresponde a la actual Regla 515 de Evidencia, 32 LPRA Ap. VI R. 515.

[18] Corresponde a la actual Regla 514 de Evidencia, 32 LPRA Ap. VI R. 514; Véase también *Santiago* v. *Bobb y El Mundo, Inc.,* 117 DPR 153, 159 (1986).

[19] *Id.*

en los procedimientos ni hostigación o molestias indebidas a los funcionarios del Estado.[20]

En vista de ello, solamente se le permite al acusado obtener evidencia adicional siempre que demuestre fundamentalmente que la información es material, pertinente y necesaria para su defensa.[21]

IV.

En este caso, la *Orden* emitida y reiterada por el Foro *a quo* consistió en la entrega irrestricta del *Informe* preparado por el DJ relacionado con su Investigación Preliminar recomendando al PFEI no presentar cargos criminales contra los imputados. Hemos revisado cuidadosamente el *Informe* y el mismo contiene análisis y teorías legales que son parte del sumario fiscal del Ministerio Público, protegido por la confidencialidad establecida en la Ley 2-1988.[22] Además, contiene prueba conocida por los imputados, ya por su revelación a través de vistas públicas televisadas o por que fuera provista por los propios imputados -por ejemplo, mensajes de texto provistos por el imputado Aaron Vick-. De igual forma, el *Informe* contiene un análisis sobre otros asuntos que no son pertinentes al caso criminal.

Lo anterior unido a que Tribunal de Primera Instancia no precisó los documentos o materiales que su entender contenían prueba exculpatoria que ameritara la entrega íntegra del *Informe*, nos obliga a dejar sin efecto la *Orden* recurrida. En su ejercicio discrecional, el Foro recurrido se excedió al ordenarle al FEI descubrir, **sin salvaguarda alguna, la totalidad del referido *Informe***, sin efectuar previamente un ponderado y juicioso balance de intereses. Ciertamente, los imputados tienen derecho a descubrir prueba exculpatoria o de impugnación, pero no a que se le conceda una orden demasiado amplia y ambigua como la dictada en este caso.

Procede devolver al asunto al Tribunal de Primera Instancia para que precise e identifique las partes correspondientes del *Informe* que estima es prueba exculpatoria o potencialmente exculpatoria, antes de ordenar su

---

[20] *Tribunal Superior* v. DPR 470, a la pág. 471.
[21] *Pueblo* v. *Morales Rivera,* 118 DPR 155, 162 (1986).
[22] Ley Núm. 2 de 23 de febrero de 1988 (3 LPRA § 99h et. seq.).

entrega a la Defensa. En este punto, vale señalar que, la determinación del DJ de no acusar a los imputados no establece automáticamente la existencia de prueba exculpatoria en el referido *Informe*. Menos aún, cuando el FEI ha establecido públicamente un distanciamiento radical en las posiciones, conclusiones y análisis de derecho hecho por el DJ.

V.

Por los fundamentos antes expuestos, *expedimos* el Auto de *Certiorari*, *revocamos* la decisión recurrida y *devolvemos* al Tribunal de Primera Instancia para que continue con los procedimientos conforme a lo aquí expuesto. Esto es, identifique aquellas partes del *Informe* que, según su buen juicio y sana discreción, constituyen prueba exculpatoria y ordene se le descubra a la Defensa. Además, dejamos sin efecto la paralización ordenada mediante nuestra *Resolución* dictada el 16 de febrero de 2024.

Notifíquese inmediatamente.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones