ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL[1]

| | | |
|---|---|---|
| EL PUEBLO DE PUERTO RICO<br><br>Peticionario<br><br>v.<br><br>EDWIN R. MELÉNDEZ FERRER<br><br>Recurrido | TA2025CE00069 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.: K VP2025-0775-0777<br><br>Sala: 302<br><br>Sobre: Arts. 182, 202 (b) y 217 del Código Penal (grave) |

Panel integrado por su presidenta, la Jueza Cintrón Cintrón, la Juez Barresi Ramos y el Juez Sánchez Báez

Sánchez Báez, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 30 de septiembre de 2025.

Compareció ante nos el Pueblo de Puerto Rico (en adelante, "Ministerio Público" o "fiscal"), mediante un recurso de *Certiorari* presentado el 2 de julio de 2025. Nos solicitó la revocación de la *Resolución Vista Preliminar, Regla 23 de Procedimiento Criminal* emitida el 13 de mayo de 2025 y notificada el 14 de mayo de 2025, por el Tribunal de Primera Instancia, Sala Superior de San Juan (en adelante, "foro primario", "foro *a quo*"). Mediante esta determinación se desestimaron los cargos que pesaban contra el Sr. Edwin R. Meléndez Ferrer (en adelante, "señor Meléndez Ferrer" o "Recurrido").

Por los fundamentos que expondremos a continuación, se **expide** el recurso y se **revoca** la resolución recurrida.

**-I-**

---

[1] Véase *Orden Administrativa DJ 2024-062C* de 6 de mayo de 2025 sobre designación de paneles en el Tribunal de Apelaciones.

Por hechos ocurridos el 12 de marzo de 2025, el Ministerio Público presentó tres denuncias contra el señor Meléndez Ferrer. Se le imputó la violación de los artículos 182 (modalidad tentativa), 202(b) y 217 de la Ley Núm. 146-2012, conocida como el *Código Penal de Puerto Rico* (en adelante, "Código Penal").[2]

El 13 de marzo de 2025, se le encontró causa para arresto en los tres delitos imputados. La vista preliminar fue señalada para el 26 de marzo de 2025.

La referida vista fue trasferida para el 28 de abril de 2025, toda vez que el Ministerio Público no estaba preparado como consecuencia de la ausencia de un testigo. En esa nueva fecha, ambas partes estaban preparadas. No obstante, acordaron solicitar la transferencia de la vista para otra fecha, debido a la cantidad de testigos citados y a que en la sala se estaría ventilando otra vista preliminar. Así las cosas, con la anuencia del foro primario, se acordó transferir la vista para el 13 de mayo de 2025, como último día de los términos.[3]

En la nueva fecha señalada, el Ministerio Público informó estar preparado. A su vez, la defensa manifestó estar igualmente preparada. Sin embargo, alegó que ese mismo día la fiscal le hizo entrega de un documento que tenía la obligación de haberle notificado con antelación. Por su parte, la fiscal informó que tenía en su expediente una entrevista realizada por una agente al señor Meléndez Ferrer, y que deseaba entregarla a la defensa antes de comenzar la vista. Alegó que, aunque en esa etapa no procedía el descubrimiento de prueba y no tenía la intención de utilizar dicho documento el cual no contenía admisiones, en ese tipo de casos

---

[2] Véase, Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (en adelante, "SUMAC-TA"), entrada Núm. 1, anejo 1.
[3] *Íd.*, Anejo 3.

siempre acostumbra a entregar las entrevistas realizadas al imputado.[4]

Ante tal escenario, el foro primario indicó que, conforme el debido proceso de ley, dicho documento debía ser entregado a la defensa con, al menos, cinco días de antelación. Por ello, la defensa solicitó la desestimación de los cargos. En consecuencia, el foro primario desestimó los tres cargos al amparo de la Regla 64(n)(6) de Procedimiento Criminal, *infra*.[5] La resolución fue emitida ese mismo día y notificada el día siguiente.

Oportunamente, el 20 de mayo de 2025, el Ministerio Público presentó una *Moción en reconsideración a dese[s]timación*.[6] En ella argumentó que, en la etapa de vista preliminar, la defensa únicamente tiene derecho a recibir las declaraciones juradas de los testigos que declaren en la referida vista, así como aquella prueba que sea exculpatoria. Sostuvo que lo realizado por la fiscal fue un acto de buena fe que no genera obligación alguna al Ministerio Público. Asimismo, alegó que la resolución emitida carecía del análisis correspondiente de los criterios que debían sopesarse para decretar la desestimación. En particular, argumentó que correspondía la celebración de una vista para atender los criterios establecidos en la propia Regla 64 de Procedimiento Criminal, *infra.* A su vez, planteó que la resolución no exponía por escrito los fundamentos que la sustentaban.

El 25 de mayo de 2025, el señor Meléndez Ferrer presentó una *Moción en oposición a la moción de reconsideración presentada por el Ministerio Público.* [7] Alegó que las admisiones vertidas en la entrevista al imputado eran materiales, pertinentes y necesarias para una adecuada representación legal. Sostuvo que una admisión

---

[4] *Íd.*, Anejo 4.
[5] *Íd.*
[6] *Íd.*, Anejo 5.
[7] *Íd.*, Anejo 6.

o entrevista constituye prueba crítica que debe ser notificada con la antelación suficiente para que la defensa pueda impugnarla, evaluar su admisibilidad y prepararse adecuadamente.

El 3 de junio de 2025, el foro primario emitió una *Orden* mediante la cual denegó la reconsideración.[8]

Inconforme, el 2 de julio de 2025, el Ministerio Público, representado por el Procurador General, recurrió ante nos y esbozó los siguientes señalamientos de error:[9]

1. El Tribunal de Primera Instancia cometió un error de derecho al desestimar los cargos contra el imputado, sin consignar por escrito los fundamentos de su determinación, en conformidad con lo dispuesto expresamente en la Regla 64(n) de Procedimiento Criminal.

2. El Tribunal de Primera Instancia cometió un error de derecho y abusó de su discreción al desestimar las denuncias en virtud de la Regla 64(n)(6) de Procedimiento Criminal, a pesar de que el Ministerio Público compareció preparado para comenzar la vista preliminar ese día y no existía una obligación de descubrir la evidencia que el Ministerio Público mostró de buena fe.

El 23 de julio de 2025, el señor Meléndez Ferrer presentó su *Escrito en cumplimiento de orden.*[10]

Con el beneficio de la comparecencia de ambas partes, procedemos a exponer la normativa jurídica aplicable al caso ante nuestra consideración.

**-II-**

**A. Descubrimiento de prueba**

La Constitución de Puerto Rico, mediante las secciones 7 y 11 del Artículo II, garantiza el derecho a toda persona acusada a preparar adecuadamente su defensa. Art. II, Secs. 7 y 11, Const. PR, LPRA, Tomo I. Este derecho incluye el acceso a evidencia que pueda favorecerle mediante el mecanismo de descubrimiento de prueba. *Pueblo v. Rodríguez González,* 202 DPR 258, 269-270 (2019). Es

---

[8] *Íd.,* Anejo 7.
[9] SUMAC-TA, entrada Núm. 1.
[10] SUMAC-TA, entrada Núm. 4.

norma reiterada que el derecho al descubrimiento de prueba es consustancial con el derecho del acusado de defenderse en un proceso criminal. *Pueblo v. Sanders Cordero*, 199 DPR 827, 835 (2018).

No obstante, ese derecho no es uno absoluto. *Soc. Asist. Leg. v. Ciencias Forenses*, 179 DPR 849, 857 (2010). El descubrimiento de prueba en el ámbito criminal está delimitado por lo dispuesto en la Regla 95 de Procedimiento Criminal, 34 LPRA Ap. II, R. 95, la cual dispone, en lo pertinente, como sigue:

> (a) El acusado presentará moción al amparo de esta Regla dentro en un término de cumplimiento estricto de veinte (20) días contados a partir de: i) la celebración del acto de lectura de acusación en los casos que se impute la comisión de un delito grave; o ii) la primera comparecencia del acusado al proceso asistido por el abogado que habrá de representarlo en el juicio, en los casos en que se impute la comisión de un delito menos grave. En el caso que la persona acusada manifieste que se representará por derecho propio, el Tribunal deberá advertirle desde cuándo comienza a discurrir el término establecido en esta Regla, así como las consecuencias de su incumplimiento. Sometida la moción de la defensa conforme a lo dispuesto en esta Regla, el Tribunal ordenará al Ministerio Fiscal o a cualquier agencia o instrumentalidad pública que permita al acusado inspeccionar, copiar o fotocopiar el siguiente material o información que está en posesión, custodia o control del Ministerio Fiscal o a cualquier agencia o instrumentalidad pública:
>
>> (1) Cualquier declaración jurada que el Ministerio Fiscal tenga del acusado.
>
> [...]
>
>> (6) Cualquier informe preparado por agentes de la Policía en relación con las causas seguidas contra el acusado que sea relevante para preparar adecuadamente la defensa del acusado. [...]
>
> (b) El Ministerio Fiscal revelará toda aquella evidencia exculpatoria del acusado que tenga en su poder.

Conforme a lo anterior, el Tribunal Supremo de Puerto Rico ha sido categórico al establecer que la obligación del Ministerio Público de descubrir prueba a la defensa se activa luego de la presentación del pliego acusatorio. En los casos sobre delitos menos graves, esto ocurre con la presentación de la denuncia; y en los casos de delitos graves, con la presentación de la acusación. *Soc.*

*Asist. Leg. v. Ciencias Forenses, supra,* págs. 858-859. *Véase, además, Pueblo v. Pillot Rentas,* 169 DPR 746, 760 (2006).

La norma antes mencionada tiene sus excepciones. En la etapa de vista preliminar, la Regla 23(c) de Procedimiento Criminal, 34 LPRA Ap. II, R. 23(c), dispone que se "pondrá a disposición de la persona imputada las declaraciones juradas de aquellos testigos que hayan declarado en la vista". Esto significa que, en esa etapa procesal, el Ministerio Público tiene la obligación de entregar las declaraciones juradas de los testigos que hayan declarado. Particularmente, esto ocurrirá luego del interrogatorio, pero antes del contrainterrogatorio. *Pueblo v. Irizarry,* 160 DPR 544, 567-568 (2003).

Asimismo, nuestro más alto foro ha reconocido que la defensa tiene derecho a obtener en esa etapa "a aquella otra prueba en manos del Ministerio Público que, razonablemente, tienda a demostrar que el testimonio en contra del imputado 'no es confiable o no goza de una razonable garantía de veracidad'". *Pueblo v. Ortiz, Rodríguez,* 149 DPR 363, 379 (1999) (*citando a Pueblo v. Andaluz Méndez,* 143 DPR 656, 664 (1997)). Esto fundamentado en el derecho del imputado a "contrainterrogar a los testigos de cargo para impugnar su credibilidad y a presentar prueba de defensa 'que derrote la probabilidad de su vinculación con el delito como autor de éste'". *Pueblo v. Ortiz, Rodríguez, supra*, pág. 377 (*citando a Pueblo v. Rivera Rodríguez,* 138 DPR 138, 143 (1995)).

Por otro lado, el Ministerio Público tiene la obligación continua de revelar toda prueba exculpatoria, sin importar la etapa procesal. *Pueblo v. Custodio Colón,* 192 DPR 567, 588 (2015). *Véase, además, Brady v. Maryland,* 373 U.S. 83 (1963); E.L. Chiesa Aponte, *Procedimiento Criminal y la Constitución: Etapa Adjudicativa,* Ed. Situm, 2017, pág. 35. Esto es "toda evidencia favorable que sea relevante a la inocencia o al castigo del acusado". *Pueblo v. Vélez*

*Bonilla,* 189 DPR 705, 718 (2013). *Véase, además, Pueblo v. Echevarría Rodríguez I,* 128 DPR 299, 333 (1991). Lo anterior sin considerar su materialidad o confiabilidad, lo que le compete únicamente al foro de instancia. *Pueblo v. Vélez Bonilla, supra,* pág. 719. No entregar prueba exculpatoria constituye una violación al debido proceso de ley. *Íd,* pág. 718; *Pueblo v. Hernández García,* 102 DPR 506, 511 (1974).

Es de notar que, desde *Pueblo v. Santa Cruz,* 149 DPR 223 (1999) y *Pueblo v. Guzmán,* 161 DPR 137 (2004), el Tribunal Supremo de Puerto Rico ha sido enfático en dictaminar que la entrega injustificada del descubrimiento de prueba el último día hábil para la correspondiente vista puede resultar en una violación al derecho constitucional a un juicio rápido.

**C. Juicio rápido**

Tanto la Constitución de Estados Unidos como la de Puerto Rico establecen que toda persona acusada tiene derecho a un juicio rápido. Enmd. VI, Const. EE. UU., LPRA, Tomo I; Art. II, Sec. 11, Const. PR, LPRA, Tomo I. En atención a este mandato, la Regla 64(n) de Procedimiento Criminal, 34 LPRA Ap. II, R. 64, dispone "ciertos términos que rigen las etapas del periodo concebido entre el arresto del ciudadano hasta el momento de su juicio, los cuales términos el legislador consideró constitucionalmente razonables para salvaguardar dicho mandato constitucional". *Pueblo v. Valdés et al.,* 155 DPR 781, 788 (2001). Así que este derecho se activa una vez el ciudadano está sujeto a responder criminalmente, es decir, una vez un juez determina causa probable para arresto, citación o detención. *Pueblo v. Custodio Colón, supra,* pág. 580.

La finalidad del derecho a juicio rápido es dual: proteger el orden público y salvaguardar la libertad individual. Por una parte, "se trata de evitar que una demora indebida haga más difícil para el Estado el procesamiento efectivo de los criminales, al dificultarse la

prueba de los cargos más allá de duda razonable". *Pueblo v. Carrión*, 159 DPR 633, 640 (2003) (nota al calce omitida). Asimismo, se trata de cumplir con la exigencia social de enjuiciar con prontitud a quienes son acusados de violentar sus leyes. *Pueblo v. Valdés et al.*, *supra*, pág. 789.  Por otra parte, en cuanto al imputado o acusado, se procura protegerlo contra una detención opresiva; minimizar sus ansiedades y preocupaciones, y reducir las posibilidades de que su defensa se afecte. *Pueblo v. Carrión, supra. Véase, además, U.S. v. Ewell*, 383 U.S. 116 (1966).

> En lo que respecta al caso antes nos, la Regla 64(n) establece lo siguiente:
>
> (n) Que existen una o varias de las siguientes circunstancias, a no ser que se demuestre justa causa para la demora o a menos que la demora para someter el caso a juicio se deba a la solicitud del acusado o a su consentimiento:
> [...]
> > (6) Que no se celebró vista preliminar a la persona dentro de los sesenta (60) días de su arresto en los casos en que deba celebrarse.
>
> Se dispone que el tribunal no podrá desestimar una acusación o denuncia, bajo este inciso, sin antes celebrar una vista evidenciaria. En la vista, las partes podrán presentar prueba y el tribunal considerará los siguientes aspectos:
> > (1) Duración de la demora;
> > (2) razones para la demora;
> > (3) si la demora fue provocada por el acusado o expresamente consentida por éste;
> > (4) si el Ministerio Público demostró la existencia de justa causa para la demora, y
> > (5) Los perjuicios que la demora haya podido causar.
>
> Una vez celebrada la vista, el magistrado consignará por escrito los fundamentos de su determinación, de forma tal que las partes tengan la oportunidad efectiva y objetiva de evaluar, si así lo solicitan, la reconsideración o revisión de dicha determinación.

34 LPRA Ap. II, R. 64.

Este derecho constitucional no es absoluto. Existen situaciones en las que puede justificarse cierta demora en el procedimiento criminal. *Pueblo v. Custodio Colón, supra*, pág. 581. Es decir, "el término de juicio rápido es un concepto constitucional cuyo contenido no está del todo determinado, es en parte, variable y flexible y capaz de ajustarse a las exigencias de cada caso". *Pueblo*

*v. García Vega*, 186 DPR 592, 609 (2012). Ello pues, como se indicó

en *Pueblo v. Valdés et al.*, *supra*, pág. 790:

> cada reclamo de violación al derecho a un juicio rápido emana de un escenario recreado por circunstancias propias e individuales. En consideración a ello, para evaluar este tipo de reclamo, hemos establecido un enfoque pragmático que reconcilia este fundamental derecho con la dinámica y la naturaleza que le son inherentes, permitiendo así la ponderación de todos los intereses envueltos.

(Citas omitidas).

Por tanto, el Tribunal Supremo ha sido enérgico en dictaminar que, ante una alegación de violación a ese derecho, los tribunales deben tomar en consideración las circunstancias específicas del caso y de la reclamación. Ello pues, la solicitud de desestimación por violación a este derecho constitucional no puede estar sujeto exclusivamente a un cálculo aritmético, ya que puede existir justa causa para la demora, la tardanza puede ser el resultado del propio acusado o que hubo su consentimiento expreso, voluntario y con pleno conocimiento de sus consecuencias. *Pueblo v. Custodio Colón, supra*, págs. 581-582.

En fin, una vez el imputado o acusado reclama oportunamente una violación a los términos estatuidos en la Regla 64(n) de Procedimiento Criminal, *supra*, le corresponde al Ministerio Público demostrar la existencia de una causa justificada para la demora; la renuncia expresa, voluntaria y con pleno conocimiento de este derecho por parte del imputado, o que el imputado ha sido el causante de la tardanza. *Pueblo v. Valdés et al., supra*, pág. 791.

Es importante resaltar que una vez se determina que la suspensión de una vista —ya sea en vista preliminar o del juicio— fue por justa causa o atribuible al imputado o acusado, entonces los términos de juicio rápido comienzan a discurrir nuevamente. *Íd.*, pág. 791-792.

Ante una alegación de violación a juicio rápido, los cuatro criterios que los tribunales deben tomar en consideración para

evaluar y determinar si hubo una violación a ese derecho son los siguientes: (1) duración de la tardanza; (2) razones para la dilación; (3) si el acusado ha invocado oportunamente su derecho, y (4) el perjuicio resultante de la tardanza para el acusado.[11] Nuestro Tribunal Supremo ha reiterado que ninguno de estos criterios es determinante y que el peso de cada uno depende de las circunstancias. *Pueblo v. Custodio Colón, supra*, pág. 583.

El primer criterio es la duración de la tardanza. Nuestro máximo foro judicial ha expresado que la mera inobservancia de los términos establecidos en la Regla 64(n) de Procedimiento Criminal, *supra*, no tiene la consecuencia de violar el derecho constitucional a juicio rápido ni conlleva la desestimación automática de la denuncia o acusación. *Pueblo v. Rivera Santiago*, 176 DPR 559, 574 (2009). Ciertamente una dilación mínima es un requisito para que prospere la alegación, pero la desestimación solo debe ocurrir luego de evaluarse los demás criterios. *Pueblo v. García Vega, supra*, pág. 611. Entiéndase, la dilación en cumplimiento con los términos establecidos genera la necesidad de realizar el balance de los criterios mencionados. *Pueblo v. Rivera Santiago, supra*, pág. 575.

En cuanto a la razón de la dilación, la norma es que el Ministerio Público debe probar la justa causa. Para ello, la demora tiene que ser razonable. Sin embargo, se toma en consideración el derecho a juicio rápido y la administración práctica de la justicia. Por consiguiente, las demoras institucionales —tales como la congestión en el calendario del tribunal, que los paneles de jurado no estén listos, enfermedad de un juez o el receso por vacaciones del tribunal, entre otros— aunque imputables al Estado, son tratadas

---

[11] El profesor Ernesto Luis Chiesa Aponte señala que lo incluido en la Regla 64(n) de Procedimiento Criminal, *supra*, es una innecesaria codificación de lo expresado en la jurisprudencia, con un resultado de cinco factores en lugar de cuatro. Explica que el segundo y cuarto factor de la Regla se refiere a lo mismo. E.L. Chiesa Aponte, *Procedimiento Criminal y la Constitución: Etapa Adjudicativa*, Ed. Situm, 2018, pág. 337.

con menos rigurosidad, ya que no tienen el propósito de perjudicar a la persona imputada o acusada. Ausente otras circunstancias, estas demoras no justifican las inobservancias de los términos de juicio rápido. En cambio, las demoras intencionales u opresivas, que tienen el fin de entorpecer la defensa del imputado, quedan excluidas como justa causa. *Pueblo v. García Vega, supra*, pág. 612. *Véase, además, Pueblo v. Valdés et al., supra*, págs. 793-794.

El tercer criterio es la invocación oportuna del derecho a juicio rápido. En ese sentido, es altamente conocido que el imputado o acusado debe levantar su derecho antes que se venzan los términos. Por el contrario, se considerará que se allana a la dilación de los términos. *Pueblo v. García Vega, supra*, pág. 612.

Como último criterio, el imputado o acusado debe demostrar el perjuicio ocurrido por la tardanza. Este tiene que ser específico, real y sustancial; no puede ser abstracto ni meramente una simple violación a un cómputo matemático. Eso sí, no tiene que demostrar un estado de indefensión. *Íd.*

Por último, para que el Ministerio Público pueda demostrar la justa causa en la dilación o que el imputado o acusado pueda demostrar el cumplimiento de los criterios antes mencionados, la Regla 64(n) de Procedimiento Criminal, *supra*, obliga a que el tribunal de instancia realice una vista evidenciaria. Más aún, prohíbe que se desestime la acusación o denuncia al amparo de esa regla sin que se celebre la referida vista evidenciaria y que se consigne por escrito los fundamentos para la determinación.

Discutido el derecho aplicable, este Tribunal se encuentra en posición para resolver las controversias señaladas en el recurso antes nos.

**-III-**

En esencia, el Ministerio Público, por conducto del Procurador General, acudió ante este foro judicial intermedio para impugnar la

determinación del foro primario mediante la cual se desestimaron las denuncias presentadas en contra del señor Meléndez Ferrer. Particularmente, planteó que el foro primario erró al decretar dicha desestimación sin antes celebrar una vista evidenciaria ni emitir una resolución por escrito con los fundamentos jurídicos que sustentaran tal determinación, según exige la Regla 64(n) de Procedimiento Criminal, *supra.*

Además, argumentó que la defensa no tenía derecho a descubrimiento de prueba en la etapa de vista preliminar, salvo en lo que respecta a las declaraciones juradas de los testigos que hayan declarado en la referida vista y aquella prueba exculpatoria en poder del Ministerio Público.

Por su parte, el Recurrido sostuvo que procedía la desestimación de los cargos, ya que la acción del Ministerio Público —al retener hasta el último día de los términos una entrevista realizada al imputado— constituyó una violación a su derecho constitucional al debido proceso de ley. Alegó que la entrega tardía de esa información le impidió prepararse adecuadamente para la vista preliminar, ya que era información relevante para ellos. Asimismo, argumentó que la determinación del foro *a quo* merece deferencia, dado que intervino en la vista, fue acucioso y un garante de los procedimientos.

Examinados los argumentos de las partes, la *Resolución Vista Preliminar, Regla 23 de Procedimiento Criminal* recurrida y la regrabación de la vista, este Tribunal Revisor concluye que el foro primario erró al desestimar las denuncias. Ello, pues no concurrían los elementos necesarios para decretar la desestimación conforme a la Regla 64(n) de Procedimiento Criminal, *supra.*

El expediente refleja que tanto el Ministerio Público como la defensa se personaron el día señalado para la vista preliminar y manifestaron estar preparados para llevarla a cabo. Fue en ese

momento que la representación legal del señor Meléndez Ferrer objetó que ese mismo día recibiría por parte de la fiscal una entrevista realizada a su representado. La Fiscal, por su parte, expuso expresamente que, aunque en esa etapa no aplicaba el derecho de descubrimiento de prueba y que no usaría el documento, siempre que en ese tipo de casos tenía entrevista del imputado las entregaba a la defensa. Asimismo, aseveró que el documento no contenía admisiones ni confesiones. Ante ello, el foro *a quo* resolvió desestimar las denuncias, aduciendo una supuesta violación al debido proceso de ley, por no haberse entregado el documento con al menos cinco (5) días de anticipación.

No obstante, conforme el derecho aplicable, en la etapa de vista preliminar la defensa no tiene derecho general a descubrimiento de prueba, salvo las declaraciones juradas de los testigos que hayan testificado en la referida vista, así como la prueba en manos del Ministerio Público que, razonablemente, tienda a demostrar que el testimonio en contra del imputado no es confiable o no goza de una razonable garantía de veracidad. De igual manera, la defensa tiene derecho a obtener prueba exculpatoria, es decir, toda evidencia favorable que sea relevante a la inocencia o al castigo del acusado.

En este caso, la defensa solicitó la desestimación de las denuncias por el mero hecho que el Ministerio Público le iba a entregar una entrevista del imputado ese día. Sin embargo, la representación legal del Recurrido nunca alegó que en ese documento hubiera prueba exculpatoria. Más aun, en la vista no hizo ningún argumento en derecho para fundamentar su solicitud. Fue en la oposición a la moción de reconsideración que alegó, por primera vez, que la entrevista era material, pertinente y necesaria para una adecuada representación legal. Asimismo, sostuvo que era una prueba crítica que debía notificarse con suficiente antelación

para que la defensa pudiera impugnar, evaluar su admisibilidad y prepararse adecuadamente. En cambio, el señor Meléndez Ferrer no alegó, tanto en el foro primario como ante nos, que la entrevista fuera una prueba exculpatoria. Por tanto, no habiendo una alegación a esos fines, no procedía la entrega del documento ni mucho menos la desestimación de las denuncias, por haberlo entregado —sin tener la obligación— el último día de los términos de juicio rápido.

Nótese que la entrega inoportuna de descubrimiento de prueba es razón suficiente para desestimar una denuncia o acusación. Sin embargo, la defensa debe tener el derecho a descubrir lo solicitado. En este caso, el señor Meléndez Ferrer no alegó ni demostró que tuviera ese derecho, en esta etapa de los procedimientos, pues como indicamos, en la etapa de vista preliminar, el descubrimiento de prueba es uno limitado, y el Recurrido no demostró la aplicación de alguna excepción. Máxime, cuando la propia Regla 95 de Procedimiento Criminal, *supra*, indica que las declaraciones juradas de los acusados y las notas de los agentes deben ser descubiertas luego de presentadas las acusaciones. Así que el hecho de que la entrevista del Recurrido pueda ser considerada material o pertinente para la defensa, no obliga al Ministerio Público a entregarlas antes de la vista preliminar.

En ese aspecto, es importante recordar que, desde *Pueblo v. Rodríguez Sánchez,* 109 DPR 243, 246-247 (1979), el Tribunal Supremo ha expresado como sigue:

> El descubrimiento de prueba que rebasa el texto de la Regla 95 y busca apoyo en el debido proceso de ley no es recurso a invocarse livianamente. Está muy lejos de ser patente de corso que en forma indiscriminada permita la intrusión en los archivos de fiscalía, ni que facilite al acusado cuanta evidencia pueda relacionarse con el caso criminal.

Así pues, el foro primario erró al desestimar las denuncias al amparo de la Regla 64(n)(6) de Procedimiento Criminal, *supra,* a pesar del Ministerio Público estar preparado así como la defensa y esta no alegar efectivamente que procedía el descubrimiento de prueba exculpatoria. En este caso del expediente surge claramente que no hubo violación a los términos de juicio rápido. Por tanto, procede revocar la *Resolución* recurrida y ordenar la celebración de la vista preliminar.

**-IV-**

Por los fundamentos previamente expuestos, **se expide** el auto de *certiorari* y se **revoca** la resolución recurrida. En consecuencia, se devuelve el caso al Tribunal de Primera Instancia para la celebración de la vista preliminar conforme a lo aquí resuelto.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones